**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC f/k/a<br>MO 2999 TC, LLC, AND<br>TIMOTHY L. BARTON,<br><br>*Plaintiffs*,<br><br>v.<br><br>2999 TURTLE CREEK, LLC,<br>HNGH TURTLE CREEK, LLC,<br>HN GREEN HOLLOW CAPITAL<br>PARTNERS, LLC, MADISON REALTY<br>CAPITAL, LP, VIPIN NAMBIAR,<br>JAMES G. GLASGOW, JR.,<br>MARC ZEGEN, AND JOSHUA ZEGEN,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-CV-3229 |

**DEFENDANT JAMES G. GLASGOW, JR.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)**

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

PROPER MATERIALS FOR RULE 12(b)(2) MOTION ........ 1

BACKGROUND ........ 2

I. Plaintiffs obtained a $32.5 million loan, default issues arose, then Plaintiffs sued their lender, a participant in the loan, and others in state court. ........ 2

II. After unfavorable rulings in state court, Plaintiffs filed this parallel case. ........ 3

III. Individual defendant James Glasgow is a New York resident with no meaningful contacts with Texas. ........ 3

ARGUMENT ........ 4

I. Plaintiffs are required to—but did not—sufficiently allege that Glasgow purposely availed himself of this forum. ........ 4

II. Glasgow is not "at home" in Texas, so the Court does not have general jurisdiction over him. ........ 7

III. Glasgow is not subject to specific jurisdiction in this Court because he did not purposefully and personally make contacts with Texas. ........ 8

CONCLUSION ........ 10

CERTIFICATE OF SERVICE ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Architettura Inc. v. DSGN Assocs. Inc.*,
No. 3:16-CV-3021, 2018 WL 3428705 (N.D. Tex. July 13, 2018)......5, 8

*Brothers v. Print, Inc.*,
No. 3:07-CV-0415, 2007 WL 3331974 (N.D. Tex. Nov. 8, 2007)......6

*Burchfield v. Stein*,
No. 3:01-CV-2529, 2002 WL 318341 (N.D. Tex. Feb. 27, 2002)......7, 8

*Busch v. Viacom Int'l, Inc.*,
477 F. Supp. 2d 764 (N.D. Tex. 2007)......7

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)......7

*Delta Brands Inc. v. Danieli Corp.*,
99 F. App'x 1 (5th Cir. 2004)......10

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
943 F.3d 239 (5th Cir. 2019)......4, 5

*Eagle Metal Prods., LLC v. Keymark Enters., LLC*,
651 F. Supp. 2d 577 (N.D. Tex. 2009)......6, 7

*Gerritsen Beach Invs., Ltd. v. Jemal*,
No. 3:08-CV-1192, 2009 WL 10704501 (N.D. Tex. Apr. 22, 2009)......6, 8

*Goodyear Dunlop Tires Opers., S.A. v. Brown*,
564 U.S. 915 (2011)......5, 7

*Gore v. Experian Info. Sols., Inc.*,
No. 3:04-CV-1069, 2004 WL 2008520 (N.D. Tex. Sept. 8, 2004)......9

*Henneberger v. Ticom Geomatics, Inc.*,
No. 1:18-CV-134, 2018 WL 6589472 (W.D. Tex. Dec. 12, 2018)......2

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008)......5

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)......6, 7, 9, 10

*Maiden Biosciences Inc. v. MPM Med. Inc.*,
No. 3:18-CV-1354, 2019 WL 6036941 (N.D. Tex. Nov. 14, 2019) ....................................8, 9

*Mullins v. TestAmerica, Inc.*,
564 F.3d 386 (5th Cir. 2009) ..........................................................................6, 8, 10

*Organic Metals v. Aquasium Techs., Ltd.*,
No. 3:03-CV-3062, 2004 WL 718960 (N.D. Tex. Apr. 2, 2004) ............................................8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ..........................................................................5, 8, 10

*Russell v. City of Dallas*,
No. 3:12-CV-5176, 2013 WL 12099965 (N.D. Tex. Apr. 23, 2013) .......................................1

*Sangha v. Navig8 ShipMgm't Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ..................................................................................5

*Stiel v. Heritage Numismatic Auctions, Inc.*,
816 F. App'x 888 (5th Cir. 2020) ..........................................................................1

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ........................................................................6, 7, 8, 9

*Walden v. Fiore*,
571 U.S. 277 (2014)..................................................................................6, 8, 9, 10

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) ..................................................................................1

**Other Authorities**

FED. R. CIV. P. 12(b)(1) ..........................................................................................2

FED. R. CIV. P. 12(b)(2) ....................................................................................1, 2, 10

FED. R. CIV. P. 12(b)(6) .......................................................................................1, 3

Defendant James G. Glasgow Jr. ("Glasgow") moves to dismiss the claims against him in Plaintiffs' Original Complaint ("Complaint") under FED. R. CIV. P. 12(b)(2) (the "Motion").

**INTRODUCTION**

This case is simple: Plaintiffs borrowed $32.5 million to finance a hospitality project in Dallas. Shortly thereafter, issues regarding default arose. Plaintiffs sued most of the Defendants in a state court suit, but when that suit proved unsuccessful, they sought another bite at the apple by bringing essentially the same claims here. In doing so, Plaintiffs added Glasgow—who lives and works in New York—as an individual defendant.

Glasgow and Defendants HNGH Turtle Creek, LLC, HN Green Hollow Capital Partners, LLC, and Vipin Nambiar (collectively, the "Green Hollow Parties") are moving to dismiss this lawsuit for failure to state a claim. But Plaintiffs' claims against Glasgow fail for an additional reason: Plaintiffs have not and cannot show that Glasgow is subject to personal jurisdiction. Glasgow is "at home" in New York, not Texas, and any allegations connecting Glasgow to Texas are not attributable to him individually because they concern actions solely in his corporate-representative capacity. Because Plaintiffs have not met their burden to make a prima facie case that Glasgow has minimum contacts with Texas, Plaintiffs' claims against him must be dismissed.

**PROPER MATERIALS FOR RULE 12(b)(2) MOTION**

In ruling on this Motion, the Court should consider the Complaint in its entirety, including materials attached to the Complaint as well as those referred to in the Complaint and central to Plaintiffs' claims. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). When considering a motion to dismiss, a court may also take judicial notice of matters of public record, including documents filed in another court. *See, e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that a district court considering a Rule 12(b)(6) motion may take judicial notice of a state court's orders and docket); *Russell v. City of Dallas*,

No. 3:12-CV-5176, 2013 WL 12099965, at *1 n.2 (N.D. Tex. Apr. 23, 2013) (taking judicial notice of "city, state, and federal court filings" when considering a Rule 12(b)(1) motion); *Henneberger v. Ticom Geomatics, Inc.*, No. 1:18-CV-134, 2018 WL 6589472, at *2 n.4 (W.D. Tex. Dec. 12, 2018) (similar as to a Rule 12(b)(2) motion). Consistent with these principles, the background below is based on the Complaint's contents and attachments and matters of public record.

## BACKGROUND

### I. Plaintiffs obtained a $32.5 million loan, default issues arose, then Plaintiffs sued their lender, a participant in the loan, and others in state court.

Plaintiff Timothy Barton ("Barton"), acting through his entity 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Borrower"), obtained a $32.5 million loan in September 2019 from Defendant 2999 Turtle Creek, LLC ("Lender"), which is an affiliate of Defendant Madison Realty Capital, LP ("Madison"). (Compl. ¶¶2–5.) Plaintiffs used the loan to acquire land on Turtle Creek Boulevard in Dallas ("the Property") on which they hoped to build a hospitality project. (*Id.* ¶17.) As part of the loan, Borrower executed a $32.5 million Secured Promissory Note ("Note"), and a Deed of Trust, Security Agreement, and Fixture Filing ("Deed of Trust" and collectively with the Note, "Loan Documents"), which are secured by the Property. (*Id.* ¶17.) Barton also personally guaranteed the amounts due under the Loan Documents. (*Id.* ¶19.)

Lender sold a $7 million participation interest in the loan to Defendant HNGH Turtle Creek, LLC ("HNGH") in a transaction the Loan Documents expressly permit. (Dkt. 1, Ex. B § 40; Ex. C.) Thereafter, issues arose regarding defaults by Borrower under the Loan Documents' terms by failing to pay property taxes and interest. (Compl. ¶¶45, 47, 53.) After receiving notice of the defaults and demands for payment, Borrower filed suit in Texas state court against HNGH, Vipin Nambiar (who is also a Defendant in this action), and William Hutchinson (who is identified as a "Non-Part[y]" in this action). (*Id.* ¶¶8, 12; *see* DC-20-05864, 14th Dist. Ct., Dallas Cnty., Tex.)

A few months later, Lender provided notice for a foreclosure sale, acting on its position that Borrower was in default. (Compl. ¶57.) Borrower then added Lender and Madison as defendants in the state court lawsuit and sought injunctive relief to stop the foreclosure. (*Id.* ¶¶57, 59; *see* Pl. 4th Am. Pet., July 31, 2020.)[1] The state trial court ultimately denied Borrower's request for a temporary injunction to prevent Lender from foreclosing. (Order of Aug. 20, 2020.) Borrower appealed the trial court's denial of the temporary injunction, and while that appeal was pending, Borrower filed this lawsuit.

## II. After unfavorable rulings in state court, Plaintiffs filed this parallel case.

This action is virtually identical to Borrower's state court lawsuit, except Borrower added a claim under the federal Defend Trade Secrets Act ("DTSA") and included Glasgow and Marc Zegen and Joshua Zegen as Defendants while omitting claims against Hutchinson. (Compl. ¶¶9–12.) Plaintiffs' attempt to manufacture federal jurisdiction under the DTSA fails for reasons explained in the Rule 12(b)(6) motion filed separately by HNGH, Nambiar, Glasgow, and HN Green Hollow Capital Partners ("Green Hollow") (collectively, the "Green Hollow Parties"). Putting those substantive defects aside, Plaintiffs' claims against Glasgow fail for an additional, independent reason: this Court lacks personal jurisdiction over Glasgow.

## III. Individual defendant James Glasgow is a New York resident with no meaningful contacts with Texas.

Glasgow "is an individual citizen and resident of the State of New York who resides in New York, New York." (Compl. ¶9.) Plaintiffs identify Glasgow as the Chief Executive Officer of Green Hollow, which is a Delaware company with its principal place of business in New York

[1] The state court public records are accessible at: https://courtsportal.dallascounty.org/DALLASPROD/ → "Smart Search" → "DC-20-05864".

and which is involved with HNGH, an entity with the same geographic ties. (*Id.* ¶¶6–7, 9.) Plaintiffs' allegations concerning Glasgow do not show any meaningful connection to Texas:

- Although Plaintiffs allege that Green Hollow was formed in August 2019 by various parties, some of whom have Texas ties, they do not allege Glasgow was involved in such formation. (*Id.* ¶¶9, 30.)
- Glasgow, on behalf of Green Hollow, allegedly spoke with the Zegens and attended an October 2019 meeting in New York, in which the Zegens presented the opportunity for Green Hollow to become a junior participant in the loan to Borrower. (*Id.* ¶22.)
- The Zegens then requested a meeting between themselves, Barton, and Glasgow in New York to discuss a potential investment. (*Id.* ¶23.) Glasgow allegedly attended such a meeting in November at Lender's New York City office, at which time Barton explained the planned hospitality project. (*Id.* ¶¶24–25.)
- Glasgow, on behalf of Green Hollow and later HNGH, allegedly negotiated the terms of the participation interest in the loan with Lender, the Zegens, and his business associates, which allegedly included discussions about financial risks that could be incurred upon Borrower's default. (*Id.* ¶¶28–31.) "Upon information and belief," Glasgow "and/or" one of the entities affiliated with Green Hollow allegedly attempted to purchase the Property before Barton did. (*Id.* ¶30.)
- Glasgow signed the Participation Agreement as HNGH's "Authorized Signatory." (Dkt. 1, Ex. C at 18.)
- Finally, "[u]pon information and belief," non-party Hutchinson allegedly called Barton's construction company with the support or knowledge of Glasgow "and/or" other Green Hollow Parties. (Compl. ¶56.)

Plaintiffs do *not* allege that Glasgow traveled to Texas, owns property in Texas in his individual capacity, or otherwise interacted with the State of Texas in any way. Indeed, "after their November 2019 meeting in New York, Barton *never* received any further communications from Glasgow." (*Id.* ¶33 (emphasis added).)

## ARGUMENT

### I. Plaintiffs are required to—but did not—sufficiently allege that Glasgow purposely availed himself of this forum.

To establish personal jurisdiction over a non-resident, Plaintiffs must present "sufficient evidence to support a prima facie case supporting jurisdiction." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) (quoting *Panda Brandywine Corp. v. Potomac*

*Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Sangha v. Navig8 ShipMgm't Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). In evaluating whether Plaintiffs have made a sufficient case for personal jurisdiction, the Court does not "credit conclusory allegations, even if uncontroverted." *Panda Brandywine*, 253 F.3d at 869.

The Court may exercise personal jurisdiction over a non-resident like Glasgow only if "the state's long-arm statute extends to the defendant and the exercise of such jurisdiction is consistent with due process." *Sangha*, 882 F.3d at 101. "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* To satisfy the federal due process analysis, Plaintiffs must show (1) Glasgow purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with Texas, and (2) the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Diece-Lisa*, 943 F.3d at 249–50. Where no minimum contacts are found, "the Court need not inquire into fairness." *Architettura Inc. v. DSGN Assocs. Inc.*, No. 3:16-CV-3021, 2018 WL 3428705, at *4 (N.D. Tex. July 13, 2018) (Scholer, J.).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). General jurisdiction exists only when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction exists when a plaintiff shows that its "claim against the non-resident defendant

arises out of or relates to activities that the defendant purposefully directed at the forum state." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

In either situation—general or specific jurisdiction—the "'minimum contacts' analysis looks to the defendant's contacts *with the forum State itself*, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added). A defendant may be haled into court in a forum state only through his own affiliation with the state; his relationship to a plaintiff or third party will not suffice. *Id.* at 286.

Further, courts consider an individual defendant's contacts apart from than those of his principal, so jurisdiction over a corporate representative like Glasgow "does not automatically follow from jurisdiction over the corporation which employs him"—here, Green Hollow or HNGH. *See Keeton*, 465 U.S. at 781 n.13. Indeed, contacts by a corporate representative "in his capacity as an officer of a corporation *are not counted as individual contacts* in determining whether the forum can exercise personal jurisdiction over the person in his individual capacity." *Gerritsen Beach Invs., Ltd. v. Jemal*, No. 3:08-CV-1192, 2009 WL 10704501, at *3 (N.D. Tex. Apr. 22, 2009) (emphasis added); *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). This "fiduciary shield" doctrine avoids the unfairness inherent in "forc[ing] an individual to personally defend a suit arising from acts done on behalf of [his] employer." *Brothers v. Print, Inc.*, No. 3:07-CV-0415, 2007 WL 3331974, at *8 (N.D. Tex. Nov. 8, 2007) (dismissing claim for lack of personal jurisdiction where defendant "was acting at all relevant times in the capacity of a . . . corporate executive").

This Court likewise considers an individual's contacts apart from those of alleged co-conspirators. *Eagle Metal Prods., LLC v. Keymark Enters., LLC*, 651 F. Supp. 2d 577, 593 (N.D. Tex. 2009). When conspiracy is alleged, a plaintiff must show that *each* "defendant individually,

and not as part of the conspiracy," has minimum contacts with Texas. *Id.* (quoting *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004) (alterations omitted)). Thus, the contacts of one alleged co-conspirator cannot be attributed to others. *Id.*

Here, Plaintiffs have not met their burden to make a *prima facie* case that Glasgow is "at home" in Texas such that he could be subject to general jurisdiction. Nor have Plaintiffs shown that their claims against Glasgow arise from contacts he personally made with Texas, as necessary to support an exercise of specific jurisdiction over him individually. The Court should therefore dismiss Plaintiffs' claims against Glasgow for lack of personal jurisdiction.

## II. Glasgow is not "at home" in Texas, so the Court does not have general jurisdiction over him.

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile"—i.e., where the person is literally at home—which for Glasgow is in New York. *Goodyear*, 564 U.S. at 920; Compl. ¶6. Only in an "exceptional case" will general jurisdiction exist in a different forum. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). This case is not exceptional.

Nothing in the Complaint supports the notion that Glasgow is "at home" in Texas. Glasgow lives and works in New York, not Texas. (Compl. ¶¶9, 22–24.) Plaintiffs have not alleged any facts that could otherwise bear on general jurisdiction, such as Glasgow owning property or paying taxes here. *See Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 773 (N.D. Tex. 2007).

To the extent Plaintiffs allege contacts with Texas by or on behalf of Green Hollow, HNGH, or Nambiar, such contacts cannot—as a matter of law—establish general jurisdiction over Glasgow. *See Keeton*, 465 U.S. at 781 n.13; *Stuart*, 772 F.2d at 1197; *Burchfield v. Stein*, No. 3:01-CV-2529, 2002 WL 318341, at *3 (N.D. Tex. Feb. 27, 2002). Nor can contacts made by Glasgow in his capacity as a representative of Green Hollow or HNGH establish that Glasgow *individually*

availed himself of Texas law. *Gerritsen*, 2009 WL 10704501, at *3; *Burchfield*, 2002 WL 318341, at *6. Plaintiffs' vague allegation that Glasgow "was a real estate investor in the Dallas market" through his affiliation with Green Hollow comes nowhere near establishing the continuous *individual* contacts required to confer general jurisdiction. (Compl. ¶¶22, 24); *see Stuart*, 772 F.2d at 1197; *Architettura*, 2018 WL 3428705, at *3.

Simply put, Plaintiffs have not shown that Glasgow is "at home" in Texas, nor have they alleged any other exceptional basis to establish general jurisdiction over Glasgow in Texas.

## III. Glasgow is not subject to specific jurisdiction in this Court because he did not purposefully and personally make contacts with Texas.

To make a prima facie case for specific jurisdiction over Glasgow, Plaintiffs must show that their claims against Glasgow arise out of or relate to activities that Glasgow personally and purposefully directed at Texas. *Mullins*, 564 F.3d at 398. Plaintiffs have not made this showing.

The jurisdictional inquiry turns on contacts by Glasgow with Texas in his individual capacity; specific jurisdiction cannot rest on contacts Glasgow allegedly made on behalf of Green Hollow or HNGH. *See, e.g.*, *Gerritsen Beach*, 2009 WL 10704501, at *3; *Organic Metals v. Aquasium Techs., Ltd.*, No. 3:03-CV-3062, 2004 WL 718960, at *3 (N.D. Tex. Apr. 2, 2004). Allegations that "only relate to the foreseeability of causing injury in Texas" are likewise "not a 'sufficient benchmark' for specific jurisdiction." *Panda Brandywine*, 253 F.3d at 869 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Rather, Plaintiffs must—but did not—show intentional conduct by Glasgow that created contact with Texas. *See Walden*, 571 U.S. at 285; *Panda Brandywine*, 253 F.3d at 870; *Maiden Biosciences Inc. v. MPM Med. Inc.*, No. 3:18-CV-1354, 2019 WL 6036941, at *4 (N.D. Tex. Nov. 14, 2019).

Glasgow's alleged conduct occurred in New York and was performed in his corporate capacity on behalf of Green Hollow or HNGH. That Glasgow works for Green Hollow and

allegedly assisted Nambiar in forming HNGH does not connect Glasgow to Texas. Not only are Green Hollow and HNGH both Delaware entities with their principal places of business in New York, but any Texas contacts by Glasgow as a representative of those entities are also not attributable to him individually. (Compl. ¶¶6–7, 9); *see Keeton*, 465 U.S. at 781 n.13. Glasgow's alleged communications with Josh and Marc Zegen—who are also New York residents—likewise establish no ties to Texas. (Compl. ¶22.)

The meeting between Plaintiffs, the Zegens, and Glasgow, at which Plaintiffs allege a misrepresentation occurred, does not demonstrate that Glasgow purposefully availed himself of Texas law. (*Id.* ¶¶24–26.) This meeting occurred in New York, and Plaintiffs themselves were the only link between Glasgow and the State of Texas. *See Walden*, 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum."). Further, there is no allegation that Glasgow attended the investment meeting in anything except his representative capacity as the CEO of "real estate investor" Green Hollow. (Compl. ¶22); *see Stuart*, 772 F.2d at 1197. And any alleged "misrepresentation" occurred entirely in New York. (Compl. ¶¶81, 91); *Walden*, 571 U.S. at 287; *see also Maiden Biosciences*, 2019 WL 6036941, at *4 (holding "the effect of a party's action alone is insufficient to confer specific jurisdiction absent some independent, affirmative act that both touches the forum state and gives rise to the claim being asserted" (quotation omitted)).

Plaintiffs also fail to establish Glasgow's contact with Texas through their bare allegation that, "[u]pon information and belief, Nambiar, Glasgow, Green Hollow, and/or one of their affiliated entities" previously "attempted to purchase the Land." (Compl. ¶30.) This allegation is entirely devoid of factual support: Plaintiffs do not identify which of the various individuals and entities they accuse was involved; instead, they use the vague "and/or" and lump Glasgow into a laundry list of defendants. *See Gore v. Experian Info. Sols., Inc.*, No. 3:04-CV-1069, 2004 WL

2008520, at *1 (N.D. Tex. Sept. 8, 2004) (explaining that a plaintiff "must plead specific facts, not mere conclusory allegations" as to personal jurisdiction to avoid dismissal) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). Further, this allegation once again concerns Glasgow only in his role as CEO of an investment company, not in his individual capacity. (Compl. ¶30.) And, in any event, Plaintiffs' claims do not arise out of any attempt by some Defendant to purchase the land before Plaintiffs and Defendants ever interacted, so that alleged conduct has no relevance to establishing specific jurisdiction. *See Mullins*, 564 F.3d at 398.

Each of Plaintiffs' remaining allegations against Glasgow suffers from similar flaws. Plaintiffs' allegations related to the Participation Agreement are no basis for specific jurisdiction because the Participation Agreement was executed by nonresident parties, is governed by New York law, and was signed by Glasgow in his representative capacity as HNGH's "Authorized Signatory." (Dkt. No. 1, Ex. C § 19 p.18.) Plaintiffs' allegation that, "[u]pon information and belief," Hutchinson called a construction company "with the knowledge, approval, assistance, and/or encouragement" of Glasgow is both too conclusory to count and fails to show deliberate contact by Glasgow with Texas. (Compl. ¶56); *see Walden*, 571 U.S. at 285 (conduct must be tied to forum); *Panda Brandywine*, 253 F.3d at 869 (conclusory allegations insufficient). Finally, Plaintiffs' allegations as to Texas contacts by any alleged "conspirators" are not attributable to Glasgow. *See Keeton*, 465 U.S. at 781 n.13; *Delta*, 99 F. App'x at 6.

In sum, Plaintiffs have not established a prima facie case that Glasgow established minimum contacts with Texas. This Court should therefore dismiss Plaintiffs' claims against Glasgow for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

## CONCLUSION

For all of Plaintiffs' allegations, not a single one shows that Glasgow purposefully and personally availed himself of this forum. Instead, Plaintiffs' allegations show the opposite:

Glasgow is a New York resident whose alleged conduct occurred in New York and who lacks contacts with Texas as an individual. Glasgow therefore respectfully requests that this Court dismiss the Complaint in its entirety as to him for lack of personal jurisdiction, without leave to amend, as well as grant any and all further relief to which he may be entitled.

Dated: November 25, 2020

Respectfully Submitted,

*_/s/ David H. Harper_*
David H. Harper
Texas State Bar No. 09025540
*David.Harper@haynesboone.com*
Ben L. Mesches
Texas State Bar No. 24032737
*Ben.Mesches@haynesboone.com*
Jason N. Jordan
Texas State Bar No. 24078760
*Jason.Jordan@haynesboone.com*
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (phone)
(214) 651-5940 (fax)

Rusty J. O'Kane
State Bar No. 24088149
*Rusty.Okane@wickphillips.com*
Zachary C. Farrar
State Bar No. 24093418
*Zachary.Farrar@wickphillips.com*
**WICK PHILLIPS GOULD & MARIN LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 692-6200 (phone)
(214) 692-6255 (fax)

***Attorneys for Defendant James G. Glasgow***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record through the Court's ECF system on November 25, 2020.

G. Michael Gruber, Esq.
J. Brian Vanderwoude, Esq.
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
*gruber.mike@dorsey.com*
*vanderwoude.brian@dorsey.com*

*/s/ David H. Harper*
David H. Harper