**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC f/k/a MO 2999TC, LLC, AND TIMOTHY L. BARTON** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case N. 3:20-CV-3229** |
| | § | |
| **2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES C. GLASGOW, JR., MARC ZEGEN, and JOSHUA ZEGEN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## WAIVER OF SERVICE OF SUMMONS

TO: Plaintiffs 2999TC Acquisitions, LLC, and Timothy Barton, by and through their attorneys G. Michael Gruber and J. Brian Vanderwoude, DORSEY & WHITNEY LLP, 300 Crescent Court, Suite 400, Dallas, Texas 75201.

This firm represents named-Defendants 2999 Turtle Creek LLC, a Delaware limited liability company, Madison Realty Capital, LP, a Delaware limited partnership, Marc Zegen, and Joshua Zegen (the "Defendants"). We have received and acknowledge your request that the Defendants waive service of a summons in the above-captioned and styled action. I have also received a copy of the Complaint filed in the case as Docket No. 001, including the Civil Cover Sheet (the "Complaint").

Defendants agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that they be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4.

Defendants reserve and retain and will reserve and retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

Defendants understand that a judgment may be entered against them if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon Plaintiff within 60 days after the date the request was made, which date was November 30, 2020.

Signed: December 10, 2020

/s/Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
Email: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR DEFENDANTS 2999 TURTLE CREEK LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOSHUA ZEGEN**

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.