**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC f/k/a MO 2999 TC, LLC, AND TIMOTHY L. BARTON, | § | |
| *Plaintiffs*, | § | |
| v. | § | C.A. No. 3:20-CV-3229 |
| 2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN, | § | |
| *Defendants*. | § | |

# GREEN HOLLOW DEFENDANTS' REQUEST TO BE HEARD ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR A BRIEFING SCHEDULE

Defendants HNGH Turtle Creek, LLC ("HNGH"), HN Green Hollow Capital Partners, LLC ("Capital Partners"), Vipin Nambiar ("Nambiar"), and James G. Glasgow, Jr. ("Glasgow") (collectively the "Green Hollow Defendants") file this Request to be Heard on Plaintiffs' Motion for Temporary Restraining Order and Request for a Briefing Schedule. The Green Hollow Defendants would respectfully show the Court as follows:

1. Late last night, less than 48 hours before the Christmas holiday, Plaintiffs filed their purported "Emergency" Motion for Temporary Restraining Order ("Motion") and Application for Preliminary Injunction ("Application"), along with a brief in support, asking this Court to enjoin

a properly noticed foreclosure sale scheduled for ***January 5, 2021***—nearly two weeks from now.[1] Plaintiffs also filed more than 380 pages of purported "exhibits" allegedly supporting their Motion and Application.

2. Plaintiffs' Motion and Application should be summarily denied in their entirety for many reasons, not the least of which being that Plaintiffs have already asked another court—Judge Eric Moye of the 14th Judicial District Court, Dallas County, Texas—for the exact same relief now sought in this Court. Indeed, Judge Moye already held an evidentiary hearing on Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC's ("2999TC Acquisitions") application for a temporary injunction in state court seeking to enjoin a properly noticed foreclosure on the ***same property***.[2] After admitting evidence and hearing testimony, Judge Moye found that 2999TC Acquisitions was not substantially likely to succeed on the merits and appropriately denied the requested injunction.[3]

3. Unhappy with Judge Moye's ruling, 2999TC Acquisitions appealed Judge Moye's denial of the temporary injunction to the Dallas Court of Appeals, which adopted Judge Moye's findings of fact and recommendations.[4]

4. Unsuccessful in front of Judge Moye and seeing that the Dallas Court of Appeals was likely to render a similar ruling, Plaintiff 2999TC Acquisitions voluntarily non-suited the state

---

[1] The timing of Plaintiffs' filing is also suspect since Plaintiffs have had notice of the January 5, 2021 foreclosure since November 20, 2020.

[2] *See* Cause No. DC-20-05864, styled as *2999TC Acquisitions f/k/a MO 2999TC, LLC v. HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, and HN Green Hollow Capital Partners, LLC*, previously pending in the 14th District Court, Dallas County, Texas.

[3] Attached as ***Exhibit A*** is a true and correct copy of Judge Moye's Order Denying Plaintiff 2999TC Acquisitions' Application for Temporary Injunction.

[4] Attached as ***Exhibit B*** is a true and correct copy of Judge Moye's Findings of Fact and Recommendations (finding, among other things, that "Plaintiff did not show a probable right to recover on its causes of action that would entitle it to obtain injunctive relief, and Plaintiff did not demonstrate a probable, imminent, and irreparable injury in the interim").

court cases so it could seek the very same injunctive relief—but different outcome—in this Court in a blatant attempt at forum shopping.

5. The Green Hollow Defendants oppose Plaintiffs' Motion and Application and respectfully request an opportunity to submit an appropriate Response. Accordingly, the Green Hollow Defendants request that the Court enter a Briefing Schedule allowing the Green Hollow Defendants to file their Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Application for Preliminary Injunction on or before Tuesday, December 29, 2020.

6. The Green Hollow Defendants further request that any hearing on Plaintiffs' Motion for Temporary Restraining Order occur on Monday, January 4, 2021 or Tuesday, January 5, 2021, prior to 10:00 a.m. The Green Hollow Defendants would further request that the Court not rule on Plaintiffs' Motion and Application until the Green Hollow Defendants have filed their Response.[5]

7. This proposed briefing schedule would not prejudice Plaintiffs as the foreclosure is not scheduled to occur until January 5, 2021. Further, the undersigned counsel for the Green Hollow Defendants is travelling beginning December 23, 2020, through December 27, 2020.

WHEREFORE, the Green Hollow Defendants request (1) that the Court deny Plaintiffs' Motion for Temporary Restraining Order and Application for Preliminary Injunction; (2) enter a briefing schedule permitting the Green Hollow Defendants to file their Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order on or before December 29, 2020; (3) deny the request for expedited discovery because the Parties already engaged in discovery months ago; and (4) set any hearing on Plaintiffs' Motion for Temporary Restraining Order on January 4, 2021. The

[5] Notably, the Parties already conducted discovery and Defendants produced documents surrounding the same causes of action in the state court cases. Accordingly, there is no urgency to Plaintiff's manufactured "emergency."

Green Hollow Defendants further request all such other relief, at law or in equity, to which they may be justly entitled.

Dated: December 23, 2020

Respectfully Submitted,

*__/s/ Rusty J. O'Kane__*
Rusty J. O'Kane
State Bar No. 24088149
*Rusty.Okane@wickphillips.com*
Zachary C. Farrar
State Bar No. 24093418
*Zachary.Farrar@wickphillips.com*
**WICK PHILLIPS GOULD & MARIN LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 692-6200 (phone)
(214) 692-6255 (fax)

***Attorneys for Defendants HNGH Turtle Creek, LLC, HN Green Hollow Capital Partners, LLC, Vipin Nambiar, and James G. Glasgow***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record through the Court's ECF system on December 23, 2020.

G. Michael Gruber, Esq.
J. Brian Vanderwoude, Esq.
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
*gruber.mike@dorsey.com*
*vanderwoude.brian@dorsey.com*

*/s/ Zachary C. Farrar*
Zachary C. Farrar

# EXHIBIT A

CAUSE NO. DC-20-05864

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, HN Green Hollow Capital Partners, LLC, 2999 Turtle Creek, LLC, and Madison Realty Capital, LP<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>14TH JUDICIAL DISTRICT<br><br>DALLAS COUNTY, TEXAS |

**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION**

On August 19, 2020, the Court heard and considered Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC's ("Plaintiff") Application for Temporary Injunction ("TI Application"), as contained in Plaintiff's Fourth Amended Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction. The parties appeared in person, through their authorized representatives and counsel, at the hearing on the TI Application, and the Court took evidence and heard argument of the parties. Upon consideration of the TI Application, the evidence admitted at the hearing, the arguments of counsel, and the pleadings and evidence on file in this case, the Court finds that the TI Application should be and is hereby DENIED.

It if therefore ORDERED, ADJUDGED and DECREED that Plaintiff's TI Application is DENIED.

20 August 2020

Signed this ______ day of August, 2020.

______________________________
JUDGE PRESIDING

# EXHIBIT B

**CAUSE NO. DC-20-05864**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC F/K/A MO 2999TC, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HNGH TURTLE CREEK, LLC, WILLIAM L. HUTCHINSON, VIPIN NAMBIAR, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, 2999 TURTLE CREEK, LLC, and MADISON REALTY CAPITAL, LP,** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

**FINDINGS OF FACT AND RECOMMENDATIONS**

On October 8, 2020, the Court of Appeals for the Fifth District of Texas at Dallas entered its Order in Case No. 05-20-00777-CV, In re 2999TC Acquisitions, LLC, f/k/a MO 2999TC, LLC. In the Order, the Court of Appeals Ordered that this Court "issue, within thirty (30) days of this Order, written findings and recommendations concerning the appropriate amount of security for an injunction, and FURTHER ORDER the trial court to file such findings and recommendations with this Court within that thirty (30) day period." Upon consideration of the Order, the pleadings and evidence filed and entered herein, and the Court's file in this case, the Court makes the following Findings of Fact and Recommendations:[1]

[1] To the extent any Finding of Fact is determined to be a Recommendation, then said Finding of Fact should be so construed and is adopted herein as a Recommendation without regard to the headings set forth herein, and vice versa.

## FINDINGS OF FACT

1. Plaintiff initiated this lawsuit on or about April 20, 2020, by filing its Original Petition, alleging monetary claims against three of the GH Parties.[2]

2. On July 31, 2020, Plaintiff amended its Petition, and in its Fourth Amended Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Fourth Amended Petition") alleged monetary and declaratory claims, and sought injunctive relief to prevent a non-judicial foreclosure sale.[3]

3. Following a hearing on August 3, 2020, the Court entered a Temporary Restraining Order, enjoining the then-noticed August foreclosure sale.[4]

4. On August 19, the Court held a hearing on Plaintiff's application for temporary injunction (the "Temporary Injunction Hearing"), at which the evidence admitted included that (i) the face value of the Note made by Plaintiff in favor of Defendant 2999 Turtle Creek LLC was $32,500,000.00,[5] (ii) the Note was at that time in default for Plaintiff's failure to make payments for taxes or interest,[6] and (iii) the Note would matured on or before October 1, 2020,[7] and the Note is now matured.

---

2 *See* Plaintiff's Original Petition and Request for Disclosures.

3 *See* Plaintiff's Fourth Amended Petition, Relator's Appendix A.

4 *See* Temporary Restraining Order.

5 *See* Transcript of August 19, 2020 hearing, Volume IV, Exhibit 2 (Secured Promissory Note).

6 *See* Transcript of August 3, 2020 hearing, Volume 1, p. 17 ("[THE COURT]: Are you saying that the Defendant paid -- one of the Defendants paid property taxes in 2019? MS. BRANDON: Yes."); *id.*, p. at 23 ("THE COURT: Is your client prepared to make -- I assume that there is some amount that you acknowledge that is due and owing and is past due, correct? MS. BRANDON: That's -- That is correct, Your Honor.").

7 *See* Transcript of August 19, 2020 hearing, Volume IV, Exhibit 2 (Secured Promissory Note).

5. The day following the Temporary Injunction Hearing the Court entered its Order denying the application.[8]

6. On August 27, 2020, Plaintiff appealed the Order Denying Plaintiff's Application for Temporary Restraining Order by filing its Notice of Appeal,[9] and thereby initiating Case No. 05-20-00774-CV, *2999TC Acquisitions, LLC, f/k/a MO 2999TC, LLC v. HNGH Turtle Creek, LLC, et al.*, in the Court of Appeals for the Fifth District at Dallas.[10]

7. Also on August 27, 2020, Plaintiff initiated an original proceeding styled as Case No. 05-20-00777-CV, *In re 2999TC Acquisitions, LLC, f/k/a MO 2999TC, LLC*, in the Court of Appeals for the Fifth District at Dallas (the "Mandamus Proceeding").[11] Plaintiff subsequently filed an Application for Temporary Injunction in the Mandamus Proceeding.[12]

8. On August 28, 2020, the Court of Appeals entered its Order in which it stayed the foreclosure sale of the property subject to this lawsuit pending resolution of the Mandamus.[13]

9. On October 8, 2020, the Court of Appeals entered an Order in the Mandamus Proceeding that this Court "issue, within thirty (30) days of this Order, written findings and recommendations concerning the appropriate amount of security for an injunction, and FURTHER ORDER the trial court to file such findings and recommendations with this Court within that thirty (30) day period."

---

8 *See* Order Denying Plaintiff's Application for Temporary Restraining Order.

9 *See* Notice of Appeal.

10 *See* Notice of Appeal.

11 *See* Mandamus Petition for Writ of Injunction.

12 *See* Motion for Emergency Stay.

13 *See* Order, dated August 28, 2020.

## RECOMMENDATIONS

1. Courts of Appeals are empowered to issue writs of injunction which are necessary to enforce their jurisdiction.[14] The Court of Appeals for the Fifth District at Dallas has held that principals of equity require a bond to be placed in support of such a statutory injunction[15]

2. Where, an injunction prevents a lender from exercising its rights of foreclosure, the lender entitled to protection from potential loss as a result of the injunction.[16]

---

14 *See* TEX. GOV'T CODE § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.").

15 *See In re Shields*, 190 S.W.3d 717, 720 (Tex. App.—Dallas 2005, no pet.) ("Although Ameriquest contends we have no jurisdiction to grant the injunctive relief requested by relators and that relators have 'provided no grounds for the [C]ourt to set the amount of bond or other security,' we conclude this Court may set a bond or other security in conjunction with the granting of injunctive relief."); *Irving Bank & Tr. Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) ("We do have authority, however, under Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964) to issue our own temporary injunction pending appeal if such a writ is necessary to protect our jurisdiction."); *see also Gen. Tel. Co. of Sw. v. City of Garland*, 522 S.W.2d 732, 734 (Tex. Civ. App.—Dallas 1975, no writ) ("It will not be a supersedeas bond as defined by Texas Rules of Civil Procedure 364, but a bond we require as a condition of granting the stay."); *accord Reyes v. Atkins*, 619 S.W.2d 26, 28 (Tex. Civ. App.—Fort Worth 1981, no writ); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90, 93 (Tex. Civ. App.—Amarillo 1980, no writ); *Carpenter v. Hausman*, 601 S.W.2d 88, 89 (Tex. Civ. App.—San Antonio 1980, no writ); *Riverdrive Mall, Inc. v. Larwin Mortg. Inv'rs*, 515 S.W.2d 2, 4 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.); *Pendleton Green Associates v. Anchor Sav. Bank*, 520 S.W.2d 579, 582 (Tex. Civ. App.—Corpus Christi 1975, no writ).

16 *See Riverdrive Mall*, 515 S.W.2d at 4 ("We have effectively prevented respondents from exercising the right granted under the deed of trust to foreclose upon the described property after the note became delinquent. Thus, if it should be found that the trial court did not abuse its discretion in denying the temporary injunction, respondents will have been wrongfully deprived of such valuable right for a period of at least two months. We cannot conceive of any equitable reason why respondents are not entitled to be protected for such potential loss"); *Sonny Arnold, Inc.*, 602 S.W.2d at 93 ("Nevertheless, we concluded that to protect against any inequity, a bond sufficient to cover the differential between the quoted interest rates would be required.").

3. In determining the amount of a statutory bond issued to prevent a foreclosure, Courts have considered both the total amount due on the note and the interest payment,[17] in two cases setting bonds of approximately 11% and 15% of the value of the note.[18]

4. The evidence admitted in this case is that (i) the face value of the Note is $32,500,000.00, (ii) the Note is fully matured and unpaid, and (iii) interest has been accruing on the Note at the default rate 24% since February 2020, when the borrower first went into default.

5. The appropriate amount for security for an injunction in the Court of Appeals is $5,200,000.00, representing 10% of the face value of the now mature $32,500,000.00 Note, plus approximately three months of interest at the default rate,[19] such amount being subject to revision upward should the expedited appeal not be resolved within three months hereof.

Signed: 5 Nov. 2020

HONORABLE JUDGE PRESIDING

[17] *See Reyes*, 619 S.W.2d at 28 ("Respondents in oral submission attacked the sufficiency of and sought increase of the $5,000.00 bond now posted. Relators' monthly payment to Respondents under the promissory note is $428.37, thus the bond protects Respondents' interests to March of 1982 in that the April 1981 payment was rejected pursuant to attempted acceleration of the note. The total amount due under the promissory note is $44,743.82. We deem the bond to be sufficient."); *Carpenter*, 601 S.W.2d at 90 (Tex. Civ. App.—San Antonio 1980, no writ) (finding bond amount of $20,000.00 adequate for where the total amount due was $137,000.00); *cf.* TEX. R. APP. P. 24.2(a)(2)(A) (setting bond for suspension of enforcement for final judgments for real property as the value of the property interest's rent or revenue); *Mudd v. Mudd*, 665 S.W.2d 128, 129-30 (Tex. App.-San Antonio 1983, no writ) ("Therefore, the bond should be in a sum at least the amount of the judgment plus an estimated amount of interest which will probably accrue during the appeal at the rate prescribed in the judgment, plus the estimated amount of the costs.); *Kennesaw Life & Acc. Ins. Co. v. Streetman*, 644 S.W.2d 915, 917 (Tex. App.—Austin 1983, writ ref'd n.r.e.) ("We are of the view that both the result reached by the Court in Cooper and the reasoning employed by it were correct, and that Rule 364, as elucidated by this reasoning, requires that this Court order appellant to file an amended bond sufficient to cover the amount of the judgment and all the post-judgment interest that will accrue pending disposition of the cause on appeal.")

[18] *See Reyes*, 619 S.W.2d at 28; *Carpenter*, 601 S.W.2d at 9.

[19] Ten percent of face value *plus* three months of approximate default interest, or 3,250,0000 + (3*650,000) = $5,200,000.00.

**CAUSE NO. DC-20-05864**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS LLC et al., Plaintiff** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **14th JUDICIAL DISTRICT** |
| **HNGH TURTLE CREEK, LLC et al. Defendants** | § | |
| | § | **DALLAS COUNTY, TEXAS** |

**<u>SUPPLEMENTAL FINDINGS AND CONCLUSIONS</u>**

In accordance with the Dallas Court of Appeals Order entered October 8, 2020 in matter *In Re 2999TC Acquisitions, et al* Cause No. 05-50-00777-CV this Court hereby files Supplemental Findings and Conclusions as follows:

## *A. Findings of Fact*

1. On or about September 18, 2019, Plaintiff executed a certain Deed of Trust, Security Agreement, and Fixture Filing ("Deed of Trust") for the benefit of Lender.

2. On or about September 17, 2019, Plaintiff executed a $32,500,000.00 Secured Promissory Note in favor of Lender ("Note").

3. The Deed of Trust and Note are secured by 2.47 acres of land located at 2999 Turtle Creek, Dallas, Texas ("Land").

4. The Note matured on October 1, 2020.

5. Plaintiff has not paid the amounts owed under the Note, including principal or interest, and has therefore defaulted under the Note.

6. Plaintiff has defaulted under the Deed of Trust for failure to pay the Note and other amounts owed under the Deed of Trust, including property taxes.

7. Plaintiff has been in default since February 1, 2020, and has not made any payments under the Note or Deed of Trust since that time. The Court finds there is no good cause for the default and Lender is entitled to exercise the rights identified in the Note and Deed of Trust.

8. The Court entered a Temporary Restraining Order enjoining Lender from foreclosing on the Land, which serves as collateral for the Deed of Trust and Note, via a foreclosure sale in August 2020.

9. Pursuant to the Temporary Restraining Order, Plaintiff tendered a $25,000 bond.

10. The Temporary Restraining Order expired by its own terms on August 17, 2020.

11. The Court held an evidentiary hearing on August 19, 2020, wherein it considered Plaintiff's and Defendants' evidence and exhibits, as well as testimony from Plaintiff's principal, Timothy Barton.

12. The Court considered the evidence and found that Plaintiff did not show a probable right to recover on its causes of action that would entitle it to obtain injunctive relief, and Plaintiff did not demonstrate a probable, imminent, and irreparable injury in the interim.

13. The Court denied Plaintiff's application for a Temporary Injunction by order dated August 20, 2020.

14. With each month that passes that Lender is prohibited from foreclosing on the Land, Lender and HNGH suffer significant monetary harm, which should be protected by way of sufficient bond posted by Plaintiff.

15. Because Plaintiff is in default under the Deed of Trust and the Note, Plaintiff is obligated to make certain payments to Lender, including, without limitation, monthly nominal interest payments accruing at $11,194.44 per day (or a total of $347,027.64 per month), monthly default interest payments accruing at $10,583.68 per day (or a total of $328,094.08 per month), among other payments. But Plaintiff fails and refuses to make such payments to Lender, including monthly interest payments, despite such payments being due and owing.

16. Due to Plaintiff's defaults, to date, Plaintiff owes $37,735,708.00 on the Note, which amount includes principal and interest, and which amount continues to accrue.