**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC f/k/a MO 2999TC, LLC, AND TIMOTHY L. BARTON** | § | |
| **Plaintiffs** | § | |
| **v.** | § | **Case No. 3:20-cv-3229** |
| **2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs 2999TC Acquisitions, LLC f/k/a MO 2999 TC, LLC, and Timothy L. Barton (together, "***Plaintiffs***") file this *Motion for Leave to File Amended Complaint* (the "***Motion for Leave***"), and respectfully show as follows:

**BASIS FOR FIRST AMENDED COMPLAINT**

As counsel for Plaintiffs announced at the scheduling conference on Monday, December 28, 2020, Plaintiffs have been intending to file an amended complaint to respond to and clarify certain arguments and misstatements in the motions to dismiss filed by Defendant James Glasgow ("***Glasgow***") and the Green Hollow Defendants,[1] respectively, as permitted under Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiffs had been operating under the mistaken presumption that the agreed Motion for Extension permitting Plaintiffs to respond to the pending motions to dismiss

[1] Including James Glasgow, Vipin Nambiar, HN Green Hollow Capital Partners, LLC, and HNGH Turtle Creek, LLC.

by December 30, 2020 (Doc. 16) also included the filing of an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B), which permits an amended complaint to be filed in the same 21-day timeframe as those responses to the motions to dismiss.

In addition, the Amended Complaint adds a new claim for declaratory judgment based on new facts that occurred since the filing of the Original Complaint.

As also discussed at the hearing, to date, certain Defendants[2] have not yet made an appearance in this matter, and none of the Defendants have filed an answer.

**ARGUMENT AND AUTHORITIES**

Under applicable Fifth Circuit authority, motions for leave to amend a pleading should be freely granted unless there is a substantial reason to deny leave. Federal Rule 15(a)(2) provides that "a Party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In the Fifth Circuit, there is a clear presumption in favor of allowing a party to amend its pleadings "because Rule 15(a) evinces a bias in favor of granting leave to amend." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 128 (5th Cir. 2015) (citing *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).

Moreover, a district court should not deny a motion for leave to amend unless "there are substantial reasons to deny the amendment." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Bailey v. Walsh*, 61 F. App'x 120 (5th Cir. 2003). Among those substantial reasons is undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996). In any event,

[2] Madison Capital Realty, LP, Joshua Zegen, and Marc Zegen.

"The touchstone for denial of leave to amend under Rule 15(a) is prejudice." *Dueling*, 623 F. App'x at 130 (5th Cir. 2015) (citing Lone Star Ladies Inv Club v. Schlotzky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)). While district courts have discretion in ruling on motions for leave to amend, "[a] district court's failure to provide an adequate explanation justifies a reversal." *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018) (citing *N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018)). In *Brown*, for instance, the Fifth Circuit reversed the district court's denial of a motion for leave to amend because the district court "fail[ed] to provide a substantial reason" to support the denial. *Id.* at 247.

In this case, there is no reason, much less a "substantial reason," to deny Plaintiffs' Motion for Leave. This lawsuit is in its infancy, no trial date has been set, no discovery has been conducted, and none of the Defendants have even filed an answer. Moreover, the Amended Complaint does not add any new factual allegations, other than the recent sale of the Loan to HNGH as described below (which new facts Defendants themselves brought about), but merely clarifies and elaborates upon previous allegations in the Original Complaint to provide the Court with additional context regarding the nature of Plaintiffs' trade secrets.

In addition, the Amended Complaint more clearly articulates the basis of the Court's personal jurisdiction over Defendant Glasgow. However, all of the necessary facts supporting Glasgow's intentional torts aimed at the forum state of Texas can be found in the Original Complaint.

More importantly, however, the Amended Complaint adds an additional claim for declaratory judgment based on the recent sale of the balance of the subject loan ("***Loan***") to HNGH Turtle Creek, LLC ("***HNGH***"). As stated in both the Original and Amended Complaints, HNGH was the junior participant in the Loan and entered into a secret participation agreement that gave

HNGH (Plaintiffs' competitor) full control over Plaintiffs' Loan as though it were the senior lender. Although it originally purchased approximately 20% of the Loan in January 2020, in early December 2020, HNGH purchased the *remaining* 80% of the Loan, in apparent consummation of the scheme in place from the beginning. As pleaded in both the Original Complaint and Amended Complaint, the sale of a participation interest to a competitor of the borrower is bad faith under New York law. Plaintiffs are now entirely at the mercy of a hostile lender with whom they never agreed to do business and whose sole interest is seizing the subject real property. Accordingly, Plaintiffs have added an additional cause of action seeking to invalidate this bad-faith transfer that Defendants effectuated after the Original Complaint was filed.

In sum, there is no harm or prejudice to Defendants that will result from the filing of the Amended Complaint and, especially in light of the recent sale of the Loan to HNGH, justice requires that the amendment be permitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court grant their *Motion for Leave to File First Amended Complaint*; and grant Plaintiffs any and all such other and further relief at law or in equity to which they may be justly entitled.

Dated: December 29, 2020.

Respectfully submitted,

*/s/ G. Michael Gruber*
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Kelsey M. Taylor, Esq.**
Texas Bar No. 24098507
taylor.kelsey@dorsey.com
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ G. Michael Gruber*
G. Michael Gruber, Esq.

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 29, 2020, counsel for Plaintiffs conferred with counsel for the Green Hollow Defendants who indicated that they are opposed to this motion.

*/s/ G. Michael Gruber*
G. Michael Gruber, Esq.