**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC f/k/a MO 2999 TC, LLC, AND TIMOTHY L. BARTON, | § | |
| *Plaintiffs*, | § | |
| v. | § | C.A. No. 3:20-CV-3229 |
| 2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN, | § | |
| *Defendants*. | § | |

**GREEN HOLLOW DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Defendants HNGH Turtle Creek, LLC ("HNGH"), HN Green Hollow Capital Partners, LLC ("Capital Partners"), Vipin Nambiar ("Nambiar"), and James G. Glasgow, Jr. ("Glasgow")[1] (collectively the "Green Hollow Defendants") file this Response to Plaintiffs' Motion for Expedited Discovery, and respectfully show the Court as follows:

## I. INTRODUCTION

Plaintiffs request that the Court order expedited discovery allowing them to take four unrestricted depositions (including one of a non-party) and permit Plaintiffs to serve irrelevant and

[1] Glasgow—who lives and works in New York and has not availed himself of this forum—joins in this Response expressly subject to and without waiving his separate Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction, which is incorporated herein by reference. (Doc. 9.)

overly broad discovery requests on the Green Hollow Defendants, among others (including two non-parties). *See* Doc. 20 at 8-10. Plaintiffs failed to carry their burden to show good cause entitling them to expedited discovery. Further, Plaintiffs' proposed expedited requests are designed to harass the Green Hollow Defendants because Plaintiffs seek documents they either already have (and have had since July 2020), or are irrelevant to Plaintiffs' application for injunctive relief. Finally, Plaintiffs' requested expedited discovery would be extremely burdensome and costly for the Green Hollow Defendants because Nambiar and Glasgow would each have to be deposed *again* later in the case, Glasgow has a currently pending Motion to Dismiss for Lack of Personal Jurisdiction, and as noted in the Green Hollow Parties' Response to the Motion for TRO, this entire lawsuit is baseless.[2] For these reasons, Plaintiffs' Motion for Expedited Discovery ("Motion") should be denied.

## II. ARGUMENT AND AUTHORITIES

"As a general rule, '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).'" *Talon Transaction Tech., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-CV-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013) (Horan, J.) (citing FED. R. CIV. P. 26(d)(1)). "In some instances, however, a court can accelerate or otherwise alter the timing of discovery." *Id.* And while the Fifth Circuit "has not addressed the standard to apply when determining whether to authorize expedited discovery, an increasing majority of district courts, including those in the Fifth Circuit, have adopted a 'good case' standard." *Id.* (citing cases).

[2] Notably, Plaintiffs were previously sanctioned by Judge Moye for discovery abuse and frustrations.

**A. Expedited discovery requires a showing of good cause.**

Texas courts are clear that expedited discovery is only proper upon a showing of good cause. *El Pollo Loco v. El Pollo Loco, Inc.*, 344 F.Supp.2 986, 991 (S.D. Tex. 2004); *see also In re D.C.*, 05-13-00944-CV, 2013 WL 4041507, at *1 (Tex. App.–Dallas Aug. 9, 2013) (finding that movant, "stated no good cause for the discovery in his emergency motion for expedited discovery. And, at the hearing, he argued that he needed to have limited depositions of the defendants in order to defend the motion to dismiss. That is not sufficient to show good cause under the terms of the statute.").

Using the good case standard, courts recognize that expedited discovery requests should be narrowly tailored in scope. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (recognizing expedited discovery is "not the norm"). Other factors typically considered include "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose of the requested discovery; (4) the burden on the defendant of the requested discovery; and (5) how far in advance of the typical discovery process the request was made." *Digital Generation, Inc. v. Boring*, No. 3:12-CV-0329-L-BK, 2012 WL 12872463, at *2 (N.D. Tex. Mar. 5, 2012) (Toliver, J.). Here, aside from the first factor, all of the others weigh in favor of denying the Motion. And courts in this District recognize that "good cause" requires more than simply a pending preliminary injunction. *Talon Transaction*, 2013 WL 12172925, at *2 ("Plaintiff argues there that good cause exists merely because they are seeking a preliminary injunction. While the pending preliminary injunction application can provide a basis for good cause, it does not constitute *per se* good case.").

Here, Plaintiffs do not even discuss the appropriate standard, let alone meet it. They offer nothing more than a single conclusory sentence that, "[g]ood cause exists for ordering the reasonable expedited discovery requested by Plaintiffs." Motion, p. 6. They fail, however, to

identify the factors considered for good cause or how their proposed expedited discovery meets their burden. In reality, there is no good cause to impose the burdensome and irrelevant expedited discovery requested by Plaintiffs.

**B. Plaintiffs' One-Sided Request for Four Depositions is Overly Broad.**

Plaintiffs ask for four unrestricted depositions—one from a non-party (Happy State Bank) and another from a party that has not yet answered the lawsuit (Josh Zegen)—each to occur before a hearing on Plaintiffs' request for a preliminary injunction. Doc. 20 at 8. Plaintiffs have not proposed any time limitations, nor have Plaintiffs proposed to limit the depositions to topics applicable to a temporary restraining order or preliminary injunction. Plaintiffs' broad request would improperly permit twenty-eight hours of inquiry into any topic, whether or not relevant to the preliminary injunction. *See Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2016 WL 7376655, at *3 (M.D. Fla. Jan. 29, 2016) (denying motion for expedited discovery when, *inter alia*, the requests for depositions were not limited to any specific topics). At bottom, Plaintiffs failed to comply with their obligation to "narrowly tailor their requests in scope to the *necessary* information they seek[;]" Plaintiffs' attempt to depose a non-party shows just how out-of-bounds their request is. *BKGTH Prods., LLC v. Does 1-20*, No. CIV.A. 13-5310, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013) (emphasis added). Plaintiffs failed to carry their burden necessary to show they are entitled to expedited discovery. Accordingly, Plaintiffs' Motion should be denied.

**C. Plaintiffs' Written Discovery is Duplicative of Discovery Conducted in the Prior (now nonsuited) State Court Case and Irrelevant to Plaintiffs' Application for Injunctive Relief.**

Plaintiffs request that the Green Hollow Defendants produce documents responsive to five different categories, but Plaintiffs fail to explain how those documents are even remotely relevant to Plaintiffs' application for temporary restraining order or preliminary injunction. *See* Doc. 20 at

9-10. In fact, ***Plaintiffs already possess some of the documents they seek***. Nearly all of the discovery requests were already made in the previous state court litigation.

Noticeably absent from Plaintiffs' Motion is any mention of the fact that Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("2999 Acquisitions") and certain of the Green Hollow Defendants engaged in significant discovery in the prior state court lawsuit styled *2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC v. HNGH Turtle Creek, LLC, et al.*, Cause No. DC-20-05864, formerly pending in the 14th Judicial District Court, Dallas, Texas. Indeed, in the prior state court lawsuit, 2999 Acquisitions requested documents and communications relating to the Deed of Trust, the Loan, the Project, and any agreement to participate in the Loan or Deed of Trust.[3] The Green Hollow Defendants produced responsive documents ***on or about July 3, 2020***; thus, Plaintiffs already have the documents they seek under the first two categories of their expedited discovery requests.[4] Below is a comparison of certain discovery requests from the prior state court suit and the discovery Plaintiffs seek here.

| **State Court Discovery** | **Expedited Discovery** |
| --- | --- |
| RFP No. 1: All documents and communications relating to the Deed of Trust.<br><br>RFP No. 2: All documents and communications relating to the Loan.<br><br>RFP No. 3: All documents and communications relating to the Project. | All documents, communications, and materials that discuss or refer to the Land, the Loan, or the Project in any manner. |

[3] Attached as ***Exhibit A*** is a true and correct copy of 2999 Acquisitions' First Set of Requests for Production to HNGH. *See* Exhibit A, Request Nos. 1-6.

[4] By way of categories 1 and 2, Plaintiffs seek "[a]ll documents, communications, and materials that discuss or refer to the Land, the Loan, or the Project in any manner," and "[a]ll documents, communications, and materials that pertain to the B Note purchase or the Participation Agreement in any manner, including any amendments to the Participation Agreement." Doc. 20 at 9.

| | |
|---|---|
| RFP No. 4: All documents and communications between Defendant and Lender concerning the Loan, Deed of Trust, or Project. | |
| RFP No. 5: Any agreement to participate in, purchase a portion of, or otherwise obtain an interest in the Loan or Deed of Trust.<br><br>RFP No. 6: Any agreement for any third party to participate in, purchase a portion of, or otherwise obtain an interest in the Loan or Deed of Trust. | All documents, communications, and materials that pertain to the B Note purchase or the Participation Agreement in any manner, including any amendments to the Participation Agreement. |

Moreover, the remaining categories of documents Plaintiffs seek are wholly irrelevant to Plaintiffs' application for injunctive relief. For example, Plaintiffs seek, *inter alia*, "[a]ll documents, communications, and materials that pertain to any prior loans, investments, or other transactions involving Madison, on the one hand, and Green Hollow, Nambiar, Glasgow, and/or HN Capital Finance, LLC, on the other hand." Doc. 20 at 9. Simply put, this dispute concerns a single property located at Turtle Creek and any other investments are irrelevant to the disposition of Plaintiffs' application for injunctive relief. Similarly, HNGH's and Capital Partners' corporate structures likewise have no import in determining Plaintiffs' application for injunctive relief. Plaintiffs' written expedited discovery requests are designed to harass the Green Hollow Defendants and will not aid Plaintiffs or the Court in determining Plaintiffs' application for injunctive relief.

Finally, it cannot be lost on this Court that Plaintiffs had the opportunity to conduct as much discovery as they wanted in the state court case (which claims are identical to those asserted in this federal suit). That Plaintiffs now seek discovery on a supposed "expedited" basis is

disingenuous and manufactured. Further, Plaintiffs were already sanctioned by Judge Moye for their own discovery abuse.[5]

Because Plaintiffs seek documents that are either already within their possession, or irrelevant to their application for injunctive relief, Plaintiffs' Motion should be denied.

**D. Plaintiffs' Requested Discovery Would Impose Thousands of Dollars of Unnecessary Expense on the Green Hollow Defendants and Non-Parties.**

Finally, Plaintiffs' requested expedited discovery would be extremely burdensome and costly for the Green Hollow Defendants. If Plaintiffs are permitted to take all four requested depositions, Nambiar and Glasgow would each incur legal fees and would have to be deposed *again* later in the case. Each would bear the burden and expense of preparing for and attending depositions at least twice. Aside from the personal time and hassle, Nambiar and Glasgow would incur the unnecessary cost of having their counsel prepare for and attend two additional depositions (Josh Zegen and Happy State Bank, a non-party). *See BCBSM, Inc. v. Vazquez*, No. 14-CV-1901 (JNE/TNL), 2014 WL 12778827, at *5 (D. Minn. July 25, 2014) (finding that it was "overly burdensome and unreasonably costly" to force multiple depositions at an early stage of the proceedings). Because the discovery sought is overly burdensome and unreasonably costly, Plaintiffs' Motion should be denied.

## III.
## PRAYER

WHEREFORE, the Green Hollow Defendants request that the Court deny Plaintiffs' Motion for Expedited Discovery and award the Green Hollow Defendants all such other and further relief, at law or in equity, to which they may be justly entitled.

---

[5] Attached as ***Exhibit B*** is a true and correct copy of Judge Moye's October 15, 2020 Order for Contempt of Court.

Dated: December 30, 2020

Respectfully Submitted,

*/s/ Rusty J. O'Kane*
Rusty J. O'Kane
State Bar No. 24088149
*Rusty.Okane@wickphillips.com*
Zachary C. Farrar
State Bar No. 24093418
*Zachary.Farrar@wickphillips.com*
**WICK PHILLIPS GOULD & MARIN LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 692-6200 (phone)
(214) 692-6255 (fax)

***Attorneys for Defendants HNGH Turtle Creek, LLC, HN Green Hollow Capital Partners, LLC, Vipin Nambiar, and James G. Glasgow***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record through the Court's ECF system on December 30, 2020.

G. Michael Gruber, Esq.
J. Brian Vanderwoude, Esq.
Christina M. Carroll, Esq.
Kelsey M. Taylor, Esq.
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
*gruber.mike@dorsey.com*
*vanderwoude.brian@dorsey.com*
*carroll.christina@dorsey.com*
*taylor.kelsey@dorsey.com*

*/s/ Zachary C. Farrar*
Zachary C. Farrar

# EXHIBIT A

CAUSE NO. DC-20-05864

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HNGH Turtle Creek, LLC, William L. Hutchinson, and Vipin Nambiar,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>DALLAS COUNTY, TEXAS<br><br>14th JUDICIAL DISTRICT |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO**
**HNGH TURTLE CREEK, LLC**

TO: Defendant, HNGH Turtle Creek, LLC, by and through its attorney of record Rusty J. O'Kane, Wick Phillips, LLC, 3131 McKinney Avenue, Suite 100, Dallas, Texas 75204 rusty.okane@wickphillips.com

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("***2999 Acquisitions***" "***Plaintiff***") serves this, its First Set of Requests for Production to Defendant HNGH Turtle Creek, LLC ("***Defendant***" or "***HNGH***"). The responses and requested documents to such requests for production shall be served upon Plaintiff within thirty (30) days of the service of these requests.

Dated: June 1, 2020. Respectfully submitted,

By: */s/ Elizabeth Brandon*

Elizabeth Brandon (State Bar No. 24049580)
Bradley J. Purcell (State Bar No. 24063965)

**REED SMITH LLP**
2501 N. Harwood St, Ste. 1700
Dallas, TX 75201
T: 469.680.4200
F: 469.680.4299
ebrandon@reedsmith.com
bpurcell@reedsmith.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 1st day of June, 2020 to all counsel of record.

*/s/ Elizabeth Brandon*
Elizabeth Brandon

# I.
# INSTRUCTIONS

1. For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, job title, and address of the person to whom it was addressed, to whom it was circulated, or who saw it; the name, job title, and address of the person now in possession of the document; the description of the subject matter of the document; and the present location and custodian of the document.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

3. These Requests are continuing in nature. If further information comes into your possession or is brought to your attention, or the attention of your agents, employees, officers, directors, representatives or attorneys in the court of trial or prior to trial, then supplementation of your responses is required pursuant to the Texas Rules of Civil Procedure.

4. To the extent any capitalized term used in these Requests is not specifically defined herein, such term shall have the same meaning as in Plaintiff's Original Petition and Jury Demand.

5. Except as otherwise stated, the relevant time period with regard to these Requests is from January 1, 2019 through the present.

# II.
# DEFINITIONS

As used herein, the following terms shall have, in addition to the common usage of the word, the meanings indicated below:

A. "**Plaintiff**" shall mean the Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC to this Lawsuit and any parents, subsidiaries, directors, officers, employees, past or present agents, representatives, or other persons acting, or purporting to act, on Plaintiff's behalf.

B. "**Defendant**," "**HNGH**," "**you**," and "**your**" refers to Defendant HNGH Turtle Creek, LLC and to each person who, with respect to the subject matter in the Requests below, was or

is acting or was or is purporting to act on Defendant's behalf, including Defendant's agents, representatives, or other persons acting, or purporting to act, on Defendant's behalf.

C. "**Document**" or "**documents**" are used herein in their broadest sense, and mean all tangible items, and all writings, drawings, graphs, charts, photographs, sounds recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This definition includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

D. "**Statement(s)**" means any written statement signed, adopted or approved in writing by the person making it; any stenographic, mechanical, electrical, audio, video, or other type of recording of an individual's oral statement; or any substantially verbatim transcription of such recording.

E. "**Communication**" means any transmission of thoughts, opinions, or information by speech, writing, or signs.

F. "**Relate to**" or "**relating to**" means, whether directly or indirectly: reflecting, referring to, pertaining to, constituting, containing, leading to, concerning, discussing, describing, commenting upon, mentioning, evidencing, showing, embodying, quoting, describing, bearing upon, supporting, corroborating, proving, refuting, disproving, contradicting, regarding, containing information regarding, made in connection with or by reason of, or deriving or arising from. These terms mean, without limitation, any reference or relationship that either (a) provides information with respect to the subject inquiry and necessarily includes information that is in opposition to as well as in support of any position(s) and claim(s) of the Defendant, or (b) might

lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

G. The singular form of a word shall be construed to mean the plural, and the plural to mean the singular, when doing so would ensure the provision of additional information or more complete answers and would avoid questions from being considered ambiguous, inaccurate, or confusing.

H. "**And**" and "**or**" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers and to avoid the questions from being considered ambiguous, inaccurate, or confusing.

I. "**Person**" shall mean natural persons, individuals, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state, and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations, or organizations, or any other group or combination acting as an entity.

J. "**Date**" means the exact date, month, and year, if ascertainable; otherwise, the term "date" means the best available approximation, including by relationship to other events.

K. "**Including**" means "**including without limitation**."

L. "**Any**" includes "**all**," "**every**," and "**each**," and vice versa.

M. The "**Project**" shall mean the 2.47 acres of land located at 2999 Turtle Creek, Dallas, Texas on which Plaintiff publicly announced its plan to develop into a 5-star Mandarin Oriental Hotel and branded residential project.

N. The "**Deed of Trust**" shall mean that certain Deed of Trust, Security Agreement, and Fixture Filing dated on or about September 19, 2019 between 2999 Turtle Creek, LLC and Plaintiff.

O. "**Lender**" shall mean 2999 Turtle Creek, LLC and any parents, subsidiaries, directors, officers, employees, past or present agents, representatives, or other persons acting, or purporting to act, on its behalf, including but not limited to Madison Realty Capital, LP.

P. The "**Loan**" shall mean that certain Loan with an original principle balance of $32,500,000 dated on or about September 19, 2019 between 2999 Turtle Creek, LLC and Plaintiff.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents and communications relating to the Deed of Trust.

**RESPONSE:**

**REQUEST NO. 2:** All documents and communications relating to the Loan.

**RESPONSE:**

**REQUEST NO. 3:** All documents and communications relating to the Project.

**RESPONSE:**

**REQUEST NO. 4:** All documents and communications between Defendant and Lender concerning the Loan, Deed of Trust, or Project.

**RESPONSE:**

**REQUEST NO. 5:** Any agreement to participate in, purchase a portion of, or otherwise obtain an interest in the Loan or Deed of Trust.

**RESPONSE:**

**REQUEST NO. 6:** Any agreement for any third party to participate in, purchase a portion of, or otherwise obtain an interest in the Loan or Deed of Trust.

**RESPONSE:**

**REQUEST NO. 7:** All documents and communications related to the acquisition or development of real estate located on Turtle Creek Boulevard, Dallas, Texas.

**RESPONSE:**

**REQUEST NO. 8:** All communications with Lender regarding any of the Plaintiff, Timothy Barton, or any entity owned or controlled by Timothy Barton.

**RESPONSE:**

**REQUEST NO. 9:** All documents and communications between Defendant and Vipin Nambiar concerning the Loan, Deed of Trust, or Project.

**REQUEST NO. 10:** All documents and communications related to the meeting between Vipin Nambiar and Timothy Barton in January of 2020 in which development of the Project was discussed.

**RESPONSE:**

**REQUEST NO. 11:** All documents and communications between Defendant and William L. Hutchinson concerning the Loan, Deed of Trust, or Project.

**RESPONSE:**

**REQUEST NO. 12:** All documents and communications related to any agreement to keep information related to the Project confidential or secret.

**RESPONSE:**

**REQUEST NO. 13:** All communications with Aju Hotels and Resorts regarding the Project or other real estate development on Turtle Creek Boulevard in Dallas, Texas.

**RESPONSE:**

**REQUEST NO. 14:** All communications with Daniel Minkowitz regarding the Project or other real estate development on Turtle Creek Boulevard in Dallas, Texas.

**RESPONSE:**

**REQUEST NO. 15:** All communications with Mink Development regarding the Project or other real estate development on Turtle Creek Boulevard in Dallas, Texas.

**RESPONSE:**

**REQUEST NO. 16:** All communications in which you stated that you or Mr. Nambiar owned the loan or Project.

**RESPONSE:**

**REQUEST NO. 17:** All documents and communications related to the payment of the 2019 property taxes for 2999 Turtle Creek Boulevard, Dallas, Texas.

**RESPONSE:**

**REQUEST NO. 18:** All documents and communications with or related to Plaintiff.

**RESPONSE:**

**REQUEST NO. 19:** All documents evidencing your purported right to foreclose on the Project.

**RESPONSE:**

**REQUEST NO. 20:** All documents and communications with or related to Timothy Barton.

**RESPONSE:**

**REQUEST NO. 21:** All communications with banks or lenders related to the Project.

**RESPONSE:**

# EXHIBIT B

CAUSE NO. DC-20-05864

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, and HN Green Hollow Capital Partners, LLC, 2999 Turtle Creek, LLC, and Madison Realty Capital, LP | § | |
| *Defendants.* | § | 14th JUDICIAL DISTRICT |

**ORDER FOR CONTEMPT OF COURT**

On this day, the Court considered Defendants HNGH Turtle Creek, LLC's ("HNGH"), William L. Hutchinson's ("Hutchinson"), Vipin Nambiar's ("Nambiar"), and HN Green Hollow Capital Partners, LLC's ("HN Green Hollow") (collectively "Defendants") Motion for Order to Show Cause and Motion for Contempt ("Motion") related to Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC's ("Plaintiff") failure to comply with the terms of this Court's Order Granting Defendants' Motion to Compel dated August 13, 2020 (the "August 13 Order") and the Parties' August 19, 2020 Rule 11 Agreement ("Rule 11 Agreement").

*Appearances*

Defendants appeared in person and by their counsel of record, Rusty J. O'Kane and Zachary Farrar, WICK PHILLIPS GOULD & MARTIN, LLP, and announced ready.

After being properly served and cited to appear, Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC appeared through its counsel of record, Royce West and Craig Capua, WEST & ASSOCIATES, LLP. Plaintiff's Motion for Continuance was considered and DENIED.

2999 Turtle Creek, LLC appeared through its counsel of record, Douglas Wade Carvell, HOGE & GAMEROS, LLP.

***Jurisdiction***

After examining the pleadings, evidence, and arguments of counsel, the Court finds it has jurisdiction over the subject matter and Parties in this case; that the Motion is in all respects proper and sufficient; that Plaintiff was afforded due and proper notice of these proceedings; and that Plaintiff was properly served with a copy of the Motion and the Order Granting Motion for Order to Show Cause (the "Show Cause Order") both via e-service upon its counsel of record, and through its registered agent, Incorp Services.

***Findings***

After considering the briefing, evidence (including exhibits tendered to the Court), testimony, and arguments of counsel, the Court hereby finds as follows:

1. On August 13, 2020, this Court entered its Order Granting Defendants' Motion to Compel ("August 13 Order") that provided, in pertinent part, that Plaintiff shall cause its corporate representative(s) to attend a deposition on August 26, 2020.

2. On August 19, 2020, the Parties signed a Rule 11 Agreement scheduling Plaintiff's corporate representative's deposition for September 17, 2020. The Rule 11 Agreement was filed with this Court.

3. Despite the August 13 Order and Rule 11 Agreement, Plaintiff failed to appear at its deposition on September 17, 2020.

4. On September 22, 2020, Defendants properly served a Second Amended Notice of Deposition of the Corporate Representative of 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Second Amended Notice"), which scheduled the deposition for September 29, 2020. Plaintiff did not object to or move to quash the Second Amended Notice.

5. Plaintiff failed to appear for its properly noticed deposition on September 29, 2020.

6. Plaintiff's failure to appear at its properly noticed depositions violates this Court's August 13 Order, the Parties' Rule 11 Agreement, and the Texas Rules of Civil Procedure. Plaintiff's conduct amounts to contempt of Court.

7. The Court specifically finds that there was no good cause for Plaintiff's failure to appear and Plaintiff is in civil contempt for failing to appear at its depositions.

8. On October 12, 2020, Defendants presented, and the Court admitted, evidence on the reasonable and necessary attorneys' fees Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

9. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

10. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs incurred by Defendants for court reporter costs and expenses related to the depositions.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC is in civil contempt of Court.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $10,000.00, representing properly proven reasonable and necessary attorneys' fees incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $1,160.05, representing court reporter costs and expenses incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

Signed this 15 day of October, 2020.

HONORABLE JUDGE PRESIDING