IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC f/k/a MO 2999 TC, LLC, and TIMOTHY L. BARTON, | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 3:20-cv-3229-S-BT |
| 2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN, | § | |
| Defendants. | § | |

**ORDER**

On January 5, 2021, Plaintiffs 2999TC Acquisitions, LLC f/k/a MO 2999 TC, LLC, and Timothy L. Barton and Defendants HNGH Turtle Creek, LLC, HN Green Hollow Capital Partners, LLC, Vipin Nambiar, and James G. Glasgow (the "Green Hollow Defendants") filed an Agreed Notice of Dismissal with Prejudice (ECF No. 46) under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), by which Plaintiffs dismissed with prejudice all their claims against the Green Hollow Defendants. Plaintiffs and the Green Hollow Defendants must submit a proposed agreed judgment for entry by the District Court to Scholer_Chambers@txnd.uscourts.gov **no later than January 8, 2021**.

In light of the parties' Agreed Notice of Dismissal, the Court DENIES as moot the following motions:

- James G. Glasgow, Jr.'s Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) (ECF No. 9);
- The Green Hollow Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10); and
- Plaintiffs' Emergency Motion for Temporary Restraining Order and Application for Preliminary Injunction (ECF No. 17).

The Court also VACATES its Findings, Conclusions, and Recommendation (FCR) (ECF No. 45).

Plaintiffs continue to assert claims against Defendants 2999 Turtle Creek, LLC, Madison Realty Capital, LP, Marc Zegen, and Joshua Zegen. These defendants received a copy of Plaintiffs' original Complaint and, through their counsel Charles W. Gameros, Jr., P.C. and Douglas Wade Carvell, P.C. of Hoge & Gameros, L.L.P., 6116 North Central Expressway, Suite 1400, Dallas, Texas 75206, waived service of summons. *See* Waiver (ECF No. 15). However, it is not clear from the docket that the remaining defendants received a copy of Plaintiffs' First Amended Complaint (ECF No. 44), or any of the other recent filings in this case, including the now-vacated FCR, recommending that the Court: find the allegations in the First Amended Complaint are insufficient to state a federal trade-secrets claim, decline to exercise supplemental jurisdiction over any state-law claims, and dismiss Plaintiffs' lawsuit without prejudice. Accordingly, the Court ORDERS Plaintiffs to serve Messrs. Gameros and Carvell with (i) a copy of their First

Amended Complaint, (ii) the Court's vacated FCR, and (iii) this Order, and to file proof of service **no later than January 8, 2021**. The remaining defendants must file an answer or other appropriate response no later than **January 29, 2021**. Fed. R. Civ. P. 12(a); *see also* Waiver (ECF No. 15).

The Court will hold a Rule 16(b) scheduling conference on **February 2, 2021,** at 10:00 a.m. via Zoom. The Court will provide counsel with the Zoom link and additional instructions closer to the conference date.

In advance of the scheduling conference, counsel for all remaining parties will confer in accordance with Fed. R. Civ. P. 26(f). Counsel will discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. Counsel will also make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), discuss any issues about preserving discoverable information, and develop a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

The Court intends to enter a scheduling order following the conference. So that the parties may prepare and determine which dates they would like to propose, the Court has attached a scheduling order template to this order.

**SO ORDERED**.

January 5, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 2999TC ACQUISITIONS, LLC f/k/a MO 2999 TC, LLC, and TIMOTHY L. BARTON,<br><br>Plaintiffs,<br><br>v.<br><br>2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:20-cv-3229-S-BT |

**PRETRIAL SCHEDULING ORDER**

The District Court referred Plaintiffs 2999TC Acquisitions, LLC f/k/a MO 2999 TC, LLC, and Timothy L. Barton's lawsuit to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). The Court enters this Pretrial Scheduling Order in accordance with Federal Rule of Civil Procedure 16(b) and 26, the local civil rules of the District Court (except as modified herein), and the District Court's Civil Justice Expense and Delay Reduction Plan. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Amendment of Pleadings and Joinder of Parties**: Amended pleadings and motions for leave to join additional parties must be filed by ___________. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. After ___________, a party may amend its pleadings only with leave of Court, upon a showing of good cause.

a. **Redline Requirement**: The amending party shall attach as an exhibit to the pleading a redlined version of the prior pleading.

b. **Response to Amended Pleading**: The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline.

2. **Completion of Discovery**: All fact and expert discovery must be initiated in time to be completed by ____________. This includes the use of subpoenas to obtain documents from third parties under Fed. R. Civ. P. 45, and the supplementation of discovery responses as required by Fed. R. Civ. P. 26(e). The parties may agree to extend the discovery deadline, provided (1) the extension does not affect the dispositive-motion deadline established by this Pretrial Scheduling Order, and (2) the parties give prompt written notice of the extension to the Court.

   A party with the burden of proof on a claim or defense must designate expert witnesses by ____________. A party without the burden of proof on an issue, but who wishes to utilize an expert witness, must designate expert witnesses by ____________. Parties must designate rebuttal experts by ____________. The designation of experts must comply with the provisions of Fed. R. Civ. P. 26(a)(2).

3. **Settlement Conference and Settlement Status Report**: No later than ____________, lead counsel and all unrepresented parties must meet and confer by telephone to discuss settlement of this case. At the conclusion of this conference, the parties must, within three business days, file a joint report notifying the Court of the results of the conference and, if the case did not settle, the status of settlement negotiations.

4. **Dispositive Motions**: All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by ____________. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, will be considered as dispositive motions and must be filed by the dipositive-motion deadline. The deadline for filing dispositive motions will not be modified except upon written motion for good cause shown.

5. **Trial**: The District Court will set this case for a **JURY TRIAL** by separate order after all dispositive motions have been decided.

6. **Courtesy Copies**: The Court does <u>**not**</u> require courtesy copies of any pleadings, motions, or other documents filed on the docket.

7. **Questions**:

    a. Questions relating to this Scheduling Order should be directed to the law clerk, at (214) 753-2411.

    b. Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.