**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC f/k/a MO 2999TC, LLC, AND TIMOTHY L. BARTON** | § | |
| **Plaintiffs** | § | |
| **v.** | § | **Case No. 3:20-CV-3229** |
| **2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO POSTPONE MEDIATION**

2999TC Acquisitions, LLC f/k/a MO 2999 TC, LLC ("***2999TC***") and Timothy L. Barton ("***Barton***" or "***Guarantor***") (together, "***Plaintiffs***") file this *Unopposed Motion to Postpone Mediation* and respectfully show as follows:

1. On October 22, 2020, Plaintiffs filed the instant lawsuit against eight Defendants who, based on shared interests and counsel, fall into two groups: the "***Madison Defendants***" (Madison Realty Capital, LP, 2999 Turtle Creek, LLC, Joshua Zegen, and Marc Zegen), and the "***Green Hollow Defendants***" (HN Green Hollow Capital Partners, LLC, HNGH Turtle Creek, LLC, James G. Glasgow, Jr., and Vipin Nambiar).

2. Following waivers of service from both groups, the Green Hollow Defendants and Madison Defendants were not scheduled to file answers until January 9, 2021, and January 29, 2021, respectively.

3. Although the Green Hollow Defendants had not yet answered, on November 25, 2020, they appeared before the Court for the purpose of filing two motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2) (Doc. 9 and Doc. 10).

4. On December 22, 2020, Plaintiffs filed an Emergency Motion for Temporary Restraining Order (Doc. 17) to prevent foreclosure on certain real property made the basis of this lawsuit scheduled for January 5, 2021.

5. On December 23, 2020, this Court ordered the case to mediation (Doc. 22) before the Honorable W. Royal Ferguson, Jr., which was then scheduled for January 11, 2021. Since the Madison Defendants had not yet made an appearance in the lawsuit, only the Plaintiffs and Green Hollow Defendants made arrangements to attend mediation with Judge Ferguson.

6. On January 5, 2021, Plaintiffs reached an agreement with the Green Hollow Defendants and filed an Agreed Notice of Dismissal with Prejudice as to the Green Hollow Defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 46), which was stipulated and signed by both Plaintiffs and the Green Hollow Defendants.

7. On January 8 2021, Plaintiffs submitted a Proposed Agreed Judgment to the Court seeking to finalize the dismissal with prejudice as to the Green Hollow Defendants. The Court has not yet entered this judgment.

8. Thus, as of the date of this filing, the two primary groups who had been scheduled to attend mediation, Plaintiffs and the Green Hollow Defendants, have resolved all claims between them and have nothing further to mediate. The Madison Defendants have not yet answered and, through their counsel, have objected in writing to attending the scheduled mediation on multiple grounds, including jurisdictional objections, which are not yet before the Court. *See* **Exhibit A**.

Judge Ferguson has likewise indicated that a continuance of mediation would be most appropriate at this time. *See* **Exhibit B**.

9. In light of the resolution of claims between Plaintiffs and the Green Hollow Defendants, and the lack of appearance to date by the Madison Defendants, Plaintiffs respectfully ask the Court to withdraw its Order Referring Case to Mediation or postpone the deadline to mediate after such time as the Madison Defendants have appeared and answered this lawsuit.

10. Counsel for Plaintiffs have conferred with the Green Hollow Defendants, the Madison Defendants, and Judge Ferguson, who have each indicated they are unopposed to postponing the deadline to mediate.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask the Court to grant this Motion to Postpone Mediation and all other relief to which they may be entitled.

Dated: January 8, 2021.

Respectfully submitted,

*/s/ G. Michael Gruber*

**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Kelsey M. Taylor, Esq.**
Texas Bar No. 24098507
taylor.kelsey@dorsey.com

**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ G. Michael Gruber*
G. Michael Gruber, Esq.

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 6-7, 2021, counsel for Plaintiffs conferred with counsel for the Green Hollow Defendants and the Madison Defendants who indicated that they are unopposed to the relief sought in this motion. I hereby certify that on January 6, 2021, counsel for Plaintiffs conferred with the court-ordered mediator, Hon. W. Royal Ferguson, Jr., who indicated that he is in favor of the relief sought in this motion.

*/s/ G. Michael Gruber*
G. Michael Gruber, Esq.

# EXHIBIT A

**Taylor, Kelsey**

---

**From:** Wade Carvell <wcarvell@legaltexas.com>
**Sent:** Wednesday, January 6, 2021 1:52 PM
**To:** Taylor, Kelsey
**Cc:** Bill Gameros; Gruber, G. Michael; Carroll, Christina; rusty.okane@wickphillips.com; Zachary.Farrar@WickPhillips.com
**Subject:** [EXTERNAL] RE: 2999 Turtle Creek - Mediation Order

Ms. Taylor,

2999 Turtle Creek LLC, a Delaware limited liability company, Madison Realty Capital, LP, a Delaware limited partnership, Marc Zegen, and Joshua Zegen (the "Defendants") have not answered or otherwise appeared in the case and, as you correctly recognize, do and must reserve and retain all their defenses or objections to the lawsuit and to the jurisdiction or venue of the Court. As such, we cannot agree to or join in a motion which could impinge upon those objections and defenses.

We would aver to you that the postponement of yesterday's foreclosure sale, coupled with Plaintiffs' withdrawal of their emergency request for injunctive relief and dismissal of the only parties with an interest in the subject property, removes any need for an expedited mediation.

Please contact this firm if you have any questions regarding the Defendants in this case.

DWC

__________________________________
Douglas Wade Carvell, P.C.
HOGE & GAMEROS, L.L.P.
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: 214-765-6000
Direct: 214-765-6006
Facsimile: 214-594-4400
Email: WCarvell@LegalTexas.com

---

**From:** Taylor.Kelsey@dorsey.com <Taylor.Kelsey@dorsey.com>
**Sent:** Wednesday, January 06, 2021 1:13 PM
**To:** rusty.okane@wickphillips.com; Wade Carvell <wcarvell@legaltexas.com>
**Cc:** Zachary.Farrar@WickPhillips.com; Bill Gameros <bgameros@legaltexas.com>; gruber.mike@dorsey.com; carroll.christina@dorsey.com
**Subject:** 2999 Turtle Creek - Mediation Order

Gentlemen,

In light of the Court's order referring the case to mediation (see attached), which appears to still be in effect, along with the recent change in circumstances with regard to the dismissal of the Green Hollow defendants, mediation on January 11 does not seem to be practical or beneficial at this juncture. It is my understanding that all parties are in agreement on this point.

Would you be opposed to filing some type of agreed motion with the court to vacate the mediation order or to at least abate the mediation until a later date after the Madison defendants have had a chance to answer?

Wade, I understand that any agreed motion to that effect would need to include language reserving your clients' objections to jurisdiction, etc.

Please advise regarding your thoughts about the best way to proceed. Once we are in agreement as to the proper procedure, I am happy to draft something for everyone's review.

Thanks,
Kelsey

**Kelsey M. Taylor**
**Associate**

DORSEY always ahead

DORSEY & WHITNEY LLP
300 Crescent Ct, Suite 400 | Dallas, TX 75201
**P:** 214.981.9981 **F:** 214.853.5607 **C:** 972.900.5331

# EXHIBIT B

**Taylor, Kelsey**

**From:** Royal Furgeson <royal@furgesonlaw.com>
**Sent:** Tuesday, January 5, 2021 5:46 PM
**To:** Rusty O'Kane; Gruber, G. Michael
**Cc:** Milligan, Kymberlee; turnupseed.delvary@dorsey.com; Vanderwoude, Brian; Brenda Ramirez; gwen.gonzalez@wickphillips.com; Taylor, Kelsey; Zachary Farrar; gwen.gonzales@wickphillips.com; Turnipseed, Delvary
**Subject:** [EXTERNAL] RE: Mediation Agreement--2999TC Acquisitions LLC v. 2999 Turtle Creek LLC

Dear Rusty:

Thanks. Given the dismissal, I agree that a mediation between the Plaintiffs and the Green Hollow Defendants no longer seems necessary. Under the circumstances, please ignore the invoice that I sent. It is cancelled.

Certainly, a continuance does seem in order, since the Madison Defendants have not answered. I appreciate your cooperation in this regard.

If you and Mike could get that motion to the Judge sometime soon, it would be helpful.

And Mike, also please ignore the invoice I sent. It is cancelled. When we start over with the Madison Defendants, I will send out new invoices.

With best wishes,

**Royal Furgeson**
**U.S. District Judge (Retired)**
**Dean Emeritus, UNT Dallas College of Law**
royal@furgesonlaw.com
(214) 934-7647

---

**From:** Rusty O'Kane <rusty.okane@wickphillips.com>
**Sent:** Tuesday, January 5, 2021 5:32 PM
**To:** Royal Furgeson <royal@furgesonlaw.com>; gruber.mike@dorsey.com
**Cc:** milligan.kymberlee@dorsey.com; turnupseed.delvary@dorsey.com; vanderwoude.brian@dorsey.com; Brenda Ramirez <brenda.ramirez@wickphillips.com>; gwen.gonzalez@wickphillips.com; Taylor.Kelsey@dorsey.com; Zachary Farrar <Zachary.Farrar@WickPhillips.com>
**Subject:** RE: Mediation Agreement--2999TC Acquisitions LLC v. 2999 Turtle Creek LLC

Judge Furgeson,

Yes, the claims against the Green Hollow Parties were dismissed with prejudice this morning. The Madison Defendants (lender) have not yet appeared or answered, but they are still in the case. I do not know their position on mediation; however, unless Mr. Gruber disagrees, I do not think there is any further need for mediation between Plaintiffs and the Green Hollow Defendants. There may still be a need for mediation as to the other defendants. Nevertheless, we will work with Plaintiffs to request the continuance.

Thank you for your help and attention to this matter,
Rusty

**Rusty J. O'Kane**
**Partner** | Wick Phillips
**Mobile**: 302.547.7898 | **Direct**: 214.740.4039
**Email**: rusty.okane@wickphillips.com

---

**From:** Royal Furgeson <royal@furgesonlaw.com>
**Sent:** Tuesday, January 5, 2021 4:55 PM
**To:** gruber.mike@dorsey.com; Rusty O'Kane <rusty.okane@wickphillips.com>
**Cc:** milligan.kymberlee@dorsey.com; turnupseed.delvary@dorsey.com; vanderwoude.brian@dorsey.com; Brenda Ramirez <brenda.ramirez@wickphillips.com>; gwen.gonzalez@wickphillips.com; Taylor.Kelsey@dorsey.com
**Subject:** RE: Mediation Agreement--2999TC Acquisitions LLC v. 2999 Turtle Creek LLC

Dear Counsel:

I note that certain defendants have been dismissed from this case. Have the remaining defendants appeared and answered? Is there any reason why the mediation cannot go forward on the 11th? If any party believes the mediation must be continued, a motion should be filed with Judge Scholer, who entered the order requiring mediation take place by January 11.

Please give this your prompt attention.

Best wishes,

**Royal Furgeson**
**U.S. District Judge (Retired)**
**Dean Emeritus, UNT Dallas College of Law**
royal@furgesonlaw.com
(214) 934-7647

---

**From:** Royal Furgeson
**Sent:** Monday, December 28, 2020 3:10 PM
**To:** gruber.mike@dorsey.com; Rusty O'Kane <rusty.okane@wickphillips.com>

**Cc:** milligan.kymberlee@dorsey.com; turnupseed.delvary@dorsey.com; vanderwoude.brian@dorsey.com; brenda.ramirez@wickphillips.com; gwen.gonzalez@wickphillips.com; Taylor.Kelsey@dorsey.com
**Subject:** Mediation Agreement--2999TC Acquisitions LLC v. 2999 Turtle Creek LLC

Dear Counsel:

I appreciate the opportunity to work with you in an effort to resolve your dispute by mediation. I look forward to a constructive session with both sides.

The purpose of this email is also to set forth the mediation process to be followed in the above matter. After you read this, please let me know if either Counsel needs any clarification about the process. If no issue is raised, then this email will serve as the Mediation Agreement.

1. PLEADINGS: I have a copy of the Original Complaint and the Plaintiffs' Brief for a TRO. If there are any other pleadings that I should have, that would be helpful to an understanding of the case, please send those as well. The documents can be sent by email to royal@furgesonlaw.com or by mail to 3441 Westminster Avenue, Dallas, Texas 75205-1336. If the documents are over 70 pages, could I ask you to mail hard copies?

2. ZOOM Mediation: Judge Scholer gave me the option of conducting the mediation session by ZOOM or in person. Given the continuing pandemic surge, I choose to mediate this case on the 11th remotely by ZOOM. I conduct my ZOOM mediations with the assistance of Bobby Malouf of Malouf Consulting, which has been in the trial support business in Dallas for 20 years. You should also know that Bobby Malouf is my nephew. He charges $250 per side for a full-day mediation. If the parties would prefer to handle the ZOOM process differently, I am glad to accommodate your other preferences. Please let me know as soon as possible if Bobby Malouf is acceptable or not.

3. PRE-MEDIATION CONFERENCE CALLS: Since our timing is so tight, conference calls with each Counsel may not be possible. However, I could certainly make arrangements, if the parties believe that it could be helpful. If I talk to one side, my preference is to talk to the other side as well.

4. DATE FOR THE MEDIATION: The mediation is scheduled for 9:00 a.m. on Monday, January 11, 2021. It is anticipated that the mediation session will last for the entire day. A break will be set aside for lunch for at least 30 minutes. At least 3 days before the mediation, I request that the parties notify me of the names of those who will attend the mediation.

5. CONFIDENTIAL MEDIATION LETTERS: I request that each side submit confidential mediation letters to me by email by Friday, January 8, 2021, of not more than 20 pages, as follows: (a) an analysis of any liability issues of significance to the party's settlement position, with citation to authority if important to an understanding of the basis for the party's position, (b) the strengths and weaknesses of the party's case, including their assessment of their best and worst alternatives to a negotiated settlement, (c) any perceived hindrances or obstacles to productive settlement negotiations as well as information that may be helpful in facilitating the process of reaching an agreement, (d) the amount of fees and expenses incurred to date and an estimate of the fees and expenses that will be incurred if the case is litigated to a conclusion, and (e the name and position of each person who will attend the settlement conference on behalf of each party, indicating which of the attendees will have full authority to settle the case. I know that the timing is difficult, but I want to give you as much time as possible to prepare your letters. I have set aside the weekend to prepare for the session on the 11th.

6. CONFIDENTIALITY: The parties and I agree (and the law provides) that all statements made and all writings prepared during the mediation process, including any discussions relating to settlement documentation, are confidential and cannot be used as evidence in any subsequent legal proceedings. In addition, the parties and I agree not to disclose such statements and writings to any other person or to the media. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its disclosure or use during mediation.

7. NEUTRALITY OF MEDIATOR: The parties agree that I will act exclusively in a neutral capacity, with the goal to resolve the case. I will be free to meet and communicate separately with each party before, during and (if necessary) after the mediation session(s). Any oral or written communication between a party and me will be kept confidential from the other party, to the extent requested. If I believe that disclosure of certain confidential information may be helpful to the resolution of the dispute, I will ask for permission to disclose it, with the understanding that the final decision always rests with the party holding the information.

8. NO TRANSCRIPTION: Mediation sessions will not be tape recorded or transcribed. All information or materials that are provided to me or created by me during the mediation process may be destroyed by me after the mediation, unless the parties expressly request otherwise, in order to assist the parties with related issues that may arise in the future.

9. SERVICES AND CHARGES: My services shall include preparing for mediation, conducting the mediation session, reviewing written materials, participating in telephone conferences, following up after the session, and anything else that will assist in the resolution of the case. Charges for mediation services for one day will be $4,000 per side. Before the mediation, I will submit an invoice to Counsel on each side (to include $250 per side for Bobby Malouf's services) as well as a Form W-9. It is requested that a check for services be mailed to me as soon as reasonably possible.

10. AGREEMENT BY EMAIL: I respectfully request that Counsel for each party email a response to this email, either agreeing to the contents or raising issues with the contents. After we have an agreement, may I also request each Counsel to share this email and any additions with their respective clients? If counsel has questions about this proposal, please let me know. I am pleased to discuss changes.

Again, I appreciate the opportunity to work with you, and I look forward to mediating with you in an effort to settle the case.

With best wishes,

**Royal Furgeson**
**U.S. District Judge (Retired)**
**Dean Emeritus, UNT Dallas College of Law**
royal@furgesonlaw.com
(214) 934-7647

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.