**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC f/k/a MO 2999 TC, LLC, AND TIMOTHY L. BARTON,** | § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **C.A. No. 3:20-CV-3229** |
| **2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN,** | § | |
| ***Defendants*.** | § | |

---

**DEFENDANTS 2999 TURTLE CREEK LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOHSUA ZEGEN'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... iii

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 2

A. Plaintiffs borrow $32.5 million from Lender. ..... 2

B. Lender sells a participation interest in the Loan, as Plaintiffs specifically agreed it could. ..... 3

C. Borrower defaults under the Note and Deed of Trust; Lender posts for foreclosure. ..... 4

D. After additional unfavorable rulings in the state courts, Plaintiffs files this nearly identical lawsuit. ..... 5

E. The Court recognizes the infirmity of Plaintiffs' claims; Plaintiffs agree. ..... 5

ARGUMENTS AND AUTHORITIES ..... 6

A. Standards for Motion to Dismiss ..... 6

1. Materials to be considered on Motions under 12(b)(6) ..... 6

2. A complaint should be dismissed when it fails to state a plausible claim. ..... 6

B. Plaintiffs fail to state a federal trade secrets claim, inviting a complete dismissal. ..... 7

1. Standard for claims under the DTSA. ..... 8

2. Plaintiffs' allegations do not support a claim under the DTSA ..... 8

a. Plaintiffs do not allege Defendants misappropriated any trade secret. ..... 8

b. Plaintiffs do not allege reasonable measures to protect information. ..... 10

C. The Court should not assert supplemental jurisdiction over Plaintiffs' remaining state-law claims. ..... 11

1. Plaintiffs have not stated any breach of duty of good faith or fair dealing. ..... 11

2. Plaintiffs have not stated any breach of deed of trust. ..... 13

3. Plaintiffs have not stated any claim for fraud or any variant thereof ..... 13

4. Plaintiffs have not stated a claim for conspiracy. ..... 14

5. Plaintiffs do not state a claim under the Texas Uniform Trade Secrets Act ("TUTSA"). ..... 15

6. Plaintiffs fail to state any valid declaratory judgment claim. ............................... 16

a. The Participation Agreement is valid ...................................................... 16

b. Payments by the participant do not "cure" Borrower's defaults. ........................................................................................ 18

c. Performance under the loan documents is not impossible. ....................... 19

d. The assignment is valid. ............................................................................ 20

CONCLUSION AND PRAYER FOR RELIEF ........................................................................... 21

CERTIFICATE OF SERVICE ................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agar Corp. v. Electro Circuits Int'l*,
580 S.W.3d 136 (Tex. 2019)....................14

*American Tobacco Co., Inc. v. Grinnell*,
951 S.W.2d 420 (Tex. 1997)....................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................6, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................6, 7, 14

*Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*,
572 S.W.3d 213 (Tex. 2019)....................17

*Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*,
554 F.3d 595 (5th Cir. 2009)....................10

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988)....................10

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
394 F.3d 285 (5th Cir. 2004)....................6

*Celanese v. OneBeacon Am. Ins.*,
No. 3:15-CV-03822, 2016 WL 6496354 (N.D. Tex. May 20, 2016)....................18

*Cockrell v. Republic Mortg. Ins. Co.*,
817 S.W.2d 106 (Tex. App.—Dallas 1991, no writ)....................12, 17

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000)....................6

*Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*,
No. 3:19-CV-970-X(BH), 2020 WL 2487057,
(N.D. Tex. Feb. 7, 2020)....................9

*D2 Excavating, Inc. v. Thompson Thrift Constr., Inc.*,
Case No. 19-40745, 2020 WL 5227470 (5th Cir. Sept. 2, 2020)....................20

*Dalton v. Educational Testing Serv.*,
87 N.Y.2d 384, 663 N.E.2d 289 (N.Y. 1995)....................12, 17

*Enochs v. Lampasas Cnty.*,
641 F.3d 155 (5th Cir. 2011) ....................................................................................10

*Fernandez-Montes v. Allied Pilots Assoc.*,
987 F.2d 278 (5th Cir. 1993) ......................................................................................7

*Global Integrated Bldg. Sys. v. Target Logistics, LLC*,
No. 06-2637, 2009 WL 259360 (S.D. Tex. Feb. 3, 2009) ...........................................13

*Gov't Emps. Ins. Co. v. Nealey*,
262 F. Supp. 3d 153 (E.D. Pa. 2017) .........................................................................10

*Grayson v. Grayson Armature Large Motor Div., Inc.*,
Case No. 14-09-00748-CV, 2010 WL 2361432 (Tex. App.—Houston [14th
Dist.] June 15, 2010, pet. denied) (mem op.)...............................................................20

*Haase v. Glazner*,
62 S.W.3d 795 (Tex. 2001)...........................................................................................13

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*,
546 S.W.3d 648 (Tex. 2018).........................................................................................13

*Kane v. Yancey*,
No. 15-1861, 2016 WL 922243 (S.D. Tex. Feb. 16, 2016) .........................................14

*Marek Brother Sys., Inc. v. Enriquez*,
No. 3:19-CV-01082, 2019 WL 3322162 (N.D. Tex. July 24, 2019)..........................7

*Norris v. Hearst Trust*,
500 F.3d 454 (5th Cir. 2007) .......................................................................................6

*Oyster Optics v. Infinera Corp.*,
No. 2:19-CV-257, 2020 WL 5800923 (E.D. Tex. Sept. 29, 2020)..............................13

*Parker & Parsley Petro. Co. v. Dresser*,
972 F.2d 580 (5th Cir. 1992) .......................................................................................10

*Phazr, Inc. v. Ramakrishna*,
No. 3:19-CV-01188, 2020 WL 5526554 (N.D. Tex. Sept. 14, 2020) ......................7, 11

*Phuong Nguyen v. ABLe Commc'ns*,
No. 02-19-00069-CV, 2020 WL 2071757 (Tex. App.—Fort Worth Apr. 30,
2020, no pet.) ...............................................................................................................15

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) .......................................................................................7

*Richter v. Carnival Corp.*,
No. 3:18-CV-2172, 2019 WL 5894213 (N.D. Tex. Nov. 12, 2019) ........................................8

*Schlumberger Tech. Corp. v. Swanson*,
959 S.W.2d 171 (Tex. 1997)..........................................................................................13

*Stiel v. Heritage Numismatic Auctions, Inc.*,
816 F. App'x 888 (5th Cir. 2020) ......................................................................................6

*Summers v. PennyMac Corp.*,
No. 3:12-CV-01235, 2012 WL 5944943 (N.D. Tex. Nov. 28, 2012) ....................................15

*Transit Funding Assoc., LLC v. Cap. One Equip. Fin. Corp.*,
149 A.D.3d 23 (N.Y. 1st Dept. 2017)..................................................................12, 17

*United States v. Herndon*,
No. 11-318, 2012 WL 4718622 (S.D. Tex. Aug. 8, 2012) ......................................................19

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) ...........................................................................................6

*Wells Fargo Nw. Bank, Nat'l. Ass'n. v. Varig-S.A.*,
No. 02 Civ. 6078, 2003 WL 21508341 (S.D.N.Y. June 27, 2003)..........................................19

*Williams v. VMX Tech., Inc.*,
112 F.3d 175 (5th Cir. 1997) ..........................................................................................14

**Statutes**

18 U.S.C. § 1836..............................................................................................................7

18 U.S.C. § 1839..............................................................................................................7

TEX. CIV. PRAC. & REM. CODE § 134A.002.........................................................................15

**Other Authorities**

FED. R. CIV. P. 9(b) ..........................................................................................................14

FED. R. CIV. P. 12(b)(6)........................................................................................... *passim*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants 2999 Turtle Creek LLC, Madison Realty Capital, LP, Marc Zegen, and Joshua Zegen (taken together, "Defendants") move to dismiss the claims against them in as all Plaintiffs' Plaintiffs' First Amended Complaint ("Complaint") [Dkt. No. 44], and respectfully state as follows:

## INTRODUCTION

This court has already noted the attempt at forum shopping which is Plaintiffs' Amended Complaint is a futile exercise which fails to state a claim upon which relief may be granted.

After defaulting on a commercial loan, Plaintiffs sued their lender and others in Texas State Court to stop a foreclosure and, when that proved unsuccessful, brought this nearly identical case.[1]

Upon receiving the Court's recommendations that this case be dismissed for failure to state a claim, Plaintiffs agreed, and dismissed – with prejudice – their claims against the parties who had at that time entered an appearance; for whatever reason, they did not likewise dismiss Defendants.

As the Court recognized already, Plaintiffs' sole basis for jurisdiction – an alleged violation of the federal Defend Trade Secrets Act – fails *ab initio* because Plaintiffs neither identify any confidential information nor any steps taken to protect information nor any misappropriation.

Moreover, even if Plaintiffs did not specifically agree that the Lender could share confidential information with potential participants (which Plaintiffs did), the salient allegations in the Complaint is that it was *Plaintiffs* who disclosed all such alleged information freely, willingly, and without any protections in place.

Respectfully, the Court should decline to exercise jurisdiction over Plaintiffs' remaining and equally infirm state law claims, and the Complaint should be dismissed.

---

[1] Plaintiffs included an unrelated corporate entity and two individual defendants as parties. Those three Defendants have filed a Motion to Dismiss under Rule 12(b)(2) concurrently herewith.

## FACTUAL BACKGROUND

### A. Plaintiffs borrow $32.5 million from Lender.

Plaintiff Timothy Barton ("Barton") is an individual residing in the State of Texas.[2] Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Borrower"), is a Delaware limited liability company, and a special purpose entity.[3]

In September 2019, Barton, through the Borrower, borrowed $32.5 million from Defendant 2999 Turtle Creek, LLC, a Delaware limited liability company and special purpose entity (the "Lender"),.[4] Plaintiffs used the loan to acquire certain commercial real property for which they hoped to later raise funds to be able to develop.[5]

As part of the loan, Borrower executed a Secured Promissory Note (the "Note"),[6] which is secured by a Deed of Trust, Security Agreement, and Fixture Filing (the "Deed of Trust")[7] on the Property.[8] Barton personally guaranteed the amounts due under the Note and Deed of Trust.[9]

---

2 *See* Complaint, ¶ 3.

3 *See* Complaint, ¶ 2.

4 *See* Complaint, ¶ 18.

5 *See* Complaint, ¶¶ 17, 18.

6 *See* Complaint, ¶ 18. The Note is attached to the Complaint as Exhibit A, p. 48.

7 *See* Complaint, ¶ 18. The Deed of Trust is attached to the Complaint as Exhibit B, p. 69.

8 *See* Complaint, ¶ 18.

9 *See* Complaint, ¶¶ 3, 20.

**B. Lender sells a participation interest in the Loan, as Plaintiffs specifically agreed it could.**

In January of 2020, Lender sold a such a participation interest in the Note and Deed of Trust to an investor, former defendant HNGH Turtle Creek, LLC, a Delaware limited liability company and a special purpose entity.[10]

In the Deed of Trust, Plaintiffs expressly agreed that the Lender could sell and assign participation interests to:

> [O]ne or more domestic or foreign banks, insurance companies, pension funds, trusts or other institutional lenders *or other persons, parties or investors* (including, but not limited to, grantor trusts, owner trusts, *special purpose corporations*, REMICs, real estate investment trusts or other similar or comparable investment vehicles as may be selected by Beneficiary in its sole and absolute discretion) on terms and conditions satisfactory to Beneficiary in its sole and absolute discretion.[11]

Plaintiffs also expressly agreed that the Lender could distribute "confidential information" to any actual participant or potential participant, agreeing specifically that:

> Borrower grants to Beneficiary, and shall cause each Guarantor and other person or party associated or connected with this Deed of Trust or the Collateral therefore to grant to Beneficiary the right to distribute on a confidential basis financial and other information concerning Borrower, each such Guarantor and other person or party and the property encumbered by this Deed of Trust and any other pertinent information with respect to this Deed of Trust to any party who has purchased a participation interest in this Deed of Trust who has expressed an interest in purchasing any such interest in this Deed of Trust.
>
> On a confidential basis, Beneficiary may provide to any actual or potential purchaser, transferee, assignee, servicer, participant or investor or any rating agency, all documents and information which Beneficiary now has or may hereafter acquire relating to the Loan, Borrower, Guarantor any other party to the Loan or the Property which shall have been furnished by or on behalf of Borrower,

[10] *See* Complaint, ¶ 40; *see also* Participation Agreement, Complaint, Exhibit "C," p. 132. It is worth noting that the Participation Agreement, which is marked "Confidential," was produced in other litigation pursuant to the terms of an Agreed Protective Order, and its filing in this Court is at least the second time Plaintiffs have willfully violated that Agreed Protective Order by filing confidential documents.

[11] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) (emphases added).

> Guarantor or any other party to the Loan, as Beneficiary in its discretion determines is desirable.[12]

Plaintiffs even agreed to cooperate in providing such confidential information.[13]

Plaintiffs waived any notice to any assignment or participation agreement.[14]

### C. <u>Borrower defaults under the Note and Deed of Trust; Lender posts for foreclosure.</u>

Starting in February 2020, and continuing thereafter, Borrower was in default under the loan documents, defaults to which Plaintiffs freely admit.[15]

When Plaintiffs did not cure the defaults, Lender served the notices required under the Deed of Trust and Texas Property Code to declare defaults and institute a non-judicial foreclosure.[16] To stop the otherwise properly noticed sale, Borrower added Lender as a defendant to a case pending in Texas State Court, and sought injunctive relief.[17] The Texas State Court ultimately denied Borrower's request for a temporary injunction to prevent Lender from foreclosing.[18] Borrower appealed the Texas State Court's denial of the temporary injunction, and

---

[12] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97).

[13] *See* Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) ("Borrower shall cooperate with Beneficiary with the same, including providing such information and documents as Beneficiary may reasonably request.").

[14] *See* Deed of Trust, p. 29, § 41 (Complaint, Exhibit "B," p. 98).

[15] *See* Complaint, ¶¶ 48, 49, 56.

[16] *See* Complaint, ¶ 60.

[17] *See* Complaint, ¶ 60; *see also* Plaintiff's Fourth Amended Petition, Cause No. DC-20-05864, *2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC vs. HNGH Turtle Creek, LLC, et al.*, in the District Court, 14th Judicial District, Dallas County, Texas, Hon. Eric Moyé, presiding (the "State Trial Court Case"). The pleadings and affidavits filed in state trial court by Plaintiffs herein are public records, generally known within the Court's territorial jurisdiction, and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned by searching at https://courtsportal.dallascounty.org/DALLASPROD -> "Smart Search" -> "DC-20-05864."

[18] *See* Order Denying Plaintiff's Application for Temporary Restraining Injunction, entered in the State Trial Court Case on August 20, 2020.

while that appeal was pending,[19] Borrower filed this case.

**D. After additional unfavorable rulings in the state courts, Plaintiffs files this nearly identical lawsuit.**

This lawsuit is virtually identical to Borrower's state court lawsuit, but for the addition of (i) a dubious claim under the federal Defend Trade Secrets Act ("DTSA"), included in an attempt to secure federal jurisdiction,[20] and (ii) two new Defendants.[21]

**E. The Court recognizes the infirmity of Plaintiffs' claims; Plaintiffs agree.**

Following a hearing on January 4, 2021, the Honorable Rebecca Rutherford, United States Magistrate Judge, found and concluded that the lawsuit should be dismissed without prejudice, and entered recommendations that it be so dismissed.[22] The Magistrate Rutherford specifically (i) found that Plaintiffs' only federal claim (for trade secrets) failed, and that the Court should not exercise supplement jurisdiction over the remaining state-law claims, and (ii) recommended that the Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6).[23]

---

[19] *See* Case No. 05-20-00774-CV, *2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC v. HNGH Turtle Creek, LLC, et al*., in the Court of Appeals for the Fifth District of Texas at Dallas; Case No. 05-20-00777-CV, *In Re 2999TC Acquisitions, LLC F/K/A MO 2999TC, LLC*, in the Court of Appeals for the Fifth District of Texas at Dallas. The pleadings and affidavits filed in state appellate court by Plaintiffs herein are public records, generally known within the Court's territorial jurisdiction, and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned by searching at https://www.txcourts.gov/5thcoa/ -> "Find My Case" -> 05-20-00774 and 05-20-00777-CV, respectively.

[20] *See* Complaint, p. 26.

[21] *See generally*, Complaint.

[22] *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45].

[23] *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p 9. The recommendations further recommended that no order be entered on Plaintiffs' applications for injunctive relief. *See id.*, pp. 10–11.

The next day, Plaintiffs dismissed the Former Defendants, but only the Former Defendants, *with* prejudice,[24] in recognition of which the Court denied as moot the Plaintiff's applications for injunctive relief and the Former Defendants' Motions to Dismiss.[25]

## ARGUMENTS AND AUTHORITIES

### A. Standards for Motion to Dismiss

#### 1. Materials to be considered on Motions under 12(b)(6)

In ruling on this motion, the Court should consider the Complaint in its entirety, including materials attached to the Complaint, as well as those in the public record and which are central to Plaintiffs' claims and referred to in the Complaint.[26]

#### 2. A complaint should be dismissed when it fails to state a plausible claim.

Dismissal is proper when a complaint fails "to state a claim upon which relief can be granted."[27] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28] Facial plausibility

---

[24] *See* Agreed Notice of Dismissal with Prejudice as to the Green Hollow Defendants [Dkt. No. 46]. Following the dismissal of the Dismissed Defendants with Prejudice, the Hon. Rutherford ordered that the recommendations be vacated, but also ordered that a copy be served on Defendants. *See* Order [Dkt. No. 47].

[25] *See* Order [Dkt. No. 47]. As part of the Order, the Court vacated its Findings, Conclusions, and Recommendations. *See id.*

[26] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see, e.g., Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 5.

[27] FED. R. CIV. P. 12(b)(6).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 4 (citing *Iqbal*).

requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]

The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[30] Factual allegations are taken as true, and the facts are construed in the light most favorable to the plaintiff;[31] but "naked assertions devoid of further factual enhancement," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth.[32] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief.[33]

**B. <u>Plaintiffs fail to state a federal trade secrets claim, inviting a complete dismissal.</u>**

Because Plaintiffs fail to state a plausible claim under the DTSA – the sole basis for federal jurisdiction[34] – there is no proper basis for the Court to exercise jurisdiction over this case.

---

[29] *Iqbal*, 556 U.S. at 678; *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], pp. 4–5 (citing *Iqbal*).

[30] *Twombly*, 550 U.S. at 555; *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 4 (quoting *Twombly*).

[31] *See Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993); *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 4.

[32] *Iqbal*, 556 U.S. at 678 (quotation omitted); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

[33] *See Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

[34] *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 3 ("Plaintiffs also assert various state-law claims against the Green Hollow Defendants and others, but the trade-secrets claim is the only federal claim alleged. Plaintiffs do not allege there is diversity jurisdiction.")

**1. Standard for claims under the DTSA.**

To state a claim under the DTSA, Plaintiffs must allege (1) the existence of a trade secret, (2) misappropriation of that trade secret, and (3) use in interstate commerce[35].

A "trade secret" is information that (1) the owner has taken reasonable measures to keep secret, and (2) derives independent economic value from not being generally known or readily ascertainable through proper means[36].

Information that is publicly disclosed or generally known cannot be a trade secret[37].

**2. Plaintiffs' allegations do not support a claim under the DTSA**

**a. Plaintiffs do not allege Defendants misappropriated any trade secret.**

In their DTSA "claim," Plaintiffs allege that Defendants disclosed and misappropriated trade secrets;[38] but, Plaintiffs' *factual* allegations regarding disclosure are that it was *only Plaintiff Barton* disclosed confidential information to third parties.[39] In the Factual Background in the

35 *See* 18 U.S.C. § 1836(b)(1); *Phazr, Inc. v. Ramakrishna*, Case No. 3:19-CV-01188, 2020 WL 5526554, *3 (N.D. Tex. Sept. 14, 2020) (citing *Marek Brother Sys., Inc. v. Enriquez*, Case No. 3:19-CV-01082, 2019 WL 3322162, *3 (N.D. Tex. July 24, 2019)); *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 5.

36 *See* 18 U.S.C. § 1839(3). Examples of trade secrets include "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes. *See id*; *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 5.

37 *Richter v. Carnival Corp*., No. 3:18-CV-2172, 2019 WL 5894213, at *7 (N.D. Tex. Nov. 12, 2019) (citation omitted).

38 *See* Complaint, ¶¶ 72–73.

39 *See, e.g.*, Complaint ¶ 27 ("During the meeting, *Barton disclosed information*…; *Barton revealed information* about this …; [s]pecifically, *Barton disclosed*…") (emphases added); ¶ 37 ("As part of that meeting, *Barton* again shared confidential and proprietary information….") (emphasis added); ¶ 46 ("Glasgow and Nambiar were well placed to create this takeover plan after having acquired Plaintiffs' confidential information *from their meetings with Barton*." (emphasis added). Some of the alleged trade secret information was in fact *only* known to Barton, and not, for example, to Defendants. *See* Complaint ¶ 27 ("Barton had not previously disclosed this information to Madison or any other person….").

Complaint, there is no allegation that Defendants disclosed or misappropriated any of Plaintiffs' trade secrets.[40]

Even if the Plaintiffs were not the unguarded source of information, Plaintiffs expressly authorized Lender to share the alleged trade secret information with any party who expressed any interest in purchasing a participation interest in the loan.[41] Plaintiffs agreed that the Lender could distribute "confidential information" to any actual participant or potential participant, agreeing specifically that:

> Borrower grants to Beneficiary, and shall cause each Guarantor and other person or party associated or connected with this Deed of Trust or the Collateral therefore to grant to Beneficiary the right to distribute on a confidential basis financial and other information concerning Borrower, each such Guarantor and other person or party and the property encumbered by this Deed of Trust and any other pertinent information with respect to this Deed of Trust to any party who has purchased a participation interest in this Deed of Trust who has expressed an interest in purchasing any such interest in this Deed of Trust.
>
> On a confidential basis, Beneficiary may provide to any actual or potential purchaser, transferee, assignee, servicer, participant or investor or any rating agency, all documents and information which Beneficiary now has or may hereafter acquire relating to the Loan, Borrower, Guarantor any other party to the Loan or the Property which shall have been furnished by or on behalf of Borrower, Guarantor or any other party to the Loan, as Beneficiary in its discretion determines is desirable.[42]

The allegations in the Complaint themselves establish that (1) each of the Former Defendants was a potential "participant or investor," and (2) all of the alleged trade secrets consist of information that Plaintiffs furnished to the participants directly or to Lender "relating to the Loan, Borrower, [Barton]…or the Property."[43]

---

40 *See* Complaint, ¶¶ 17–65.

41 *See* Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97)

42 Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97).

43 *See* Complaint, ¶¶ 23–26, 30, 35–36.

**b. Plaintiffs do not allege reasonable measures to protect information.**

In addition to admitting that the only one disclosing Plaintiffs' "confidential" information was the Plaintiffs, there is no allegation that Plaintiffs took reasonable measures to protect their information. For example, it was not marked confidential, kept in locked cabinets, stored on secure servers, and there are no allegations as how Plaintiffs' information stored, how they were secured, or who else had access to the information.[44]

In addition, Plaintiffs not only explicitly agreed that the Lender could distribute Plaintiffs' "confidential information" to any actual participant or potential participant in the loan,[45] but also agreed to cooperate in providing such confidential information.[46]

Finally, Plaintiffs' free disclosure and subsequent wholesale broadcast of the alleged "trade secrets" by filing them in the public records of the state and federal courts[47] belies any argument that they are or were ever trade secrets.

[44] *See Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-CV-970-X(BH), 2020 WL 2487057, at *4 n.2 (N.D. Tex. Feb. 7, 2020); *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 8.

[45] *See* Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) ("Borrower grants to Beneficiary, and shall cause each Guarantor and other person or party associated or connected with this Deed of Trust or the Collateral therefore to grant to Beneficiary the right to distribute on a confidential basis financial and other information concerning Borrower, each such Guarantor and other person or party and the property encumbered by this Deed of Trust and any other pertinent information with respect to this Deed of Trust to any party who has purchased a participation interest in this Deed of Trust who has expressed an interest in purchasing any such interest in this Deed of Trust. On a confidential basis, Beneficiary may provide to any actual or potential purchaser, transferee, assignee, servicer, participant or investor or any rating agency, all documents and information which Beneficiary now has or may hereafter acquire relating to the Loan, Borrower, Guarantor any other party to the Loan or the Property which shall have been furnished by or on behalf of Borrower, Guarantor or any other party to the Loan, as Beneficiary in its discretion determines is desirable.").

[46] *See* Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) ("Borrower shall cooperate with Beneficiary with the same, including providing such information and documents as Beneficiary may reasonably request.").

[47] *See, e.g.*, Complaint, ¶¶ 25 ("Most importantly, *Barton confessed* to Glasgow *that he had leveraged 'everything he owned'* in order to purchase the Land and would be using part of the $100 million capital raise to recoup approximately *$12 million of the funds he invested*.") (emphasis added).

Because Plaintiffs fail to allege the existence of any trade secrets, the claim under the DTSA fails and should be dismissed.[48] Because there is no federal jurisdiction absent Plaintiff's failed claim under DTSA, the Court should decline to assert supplemental jurisdiction the remaining state law claims.[49]

## C. The Court should not assert supplemental jurisdiction over Plaintiffs' remaining state-law claims.

Because the DTSA claim is the sole basis for federal jurisdiction, and because that claim fails for the reasons above, it is "unnecessary" for the Court to analyze any of Plaintiffs' state-law claims, and the entire case should be dismissed.[50] Nevertheless, it is worth noting that they are equally with merit and fail to state a claim.[51]

### 1. Plaintiffs have not stated any breach of duty of good faith or fair dealing.

Plaintiffs claim that a duty of good faith and fair dealing was breached by Lender when it entered the Participation Agreement, declared defaults when the Borrower started defaulting on the loan, and did not renegotiate when it had no duty to do so.[52] The claim is absurd.

First, Borrower explicitly authorized Lender to

> sell and assign participation interests or other types of interests in this Deed of Trust to one ne or more domestic or foreign banks, insurance companies, pension funds,

---

48 *See Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 162, 167 (E.D. Pa. 2017) (granting Rule 12(b)(6) motion to dismiss DTSA claim because the complaint failed to sufficiently allege reasonable measures had been taken to protect trade secret, and citing additional cases).

49 *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (noting that when federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)); *Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (noting the "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *see also Parker & Parsley Petro. Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

50 *See Phazr*, 2020 WL 5526554, at *1 & n.3; *see also* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45], p. 4.

51 *Cf.*, Order Denying Plaintiff's Application for Temporary Restraining Injunction, entered in the State Trial Court Case on August 20, 2020.

52 *See* Complaint, ¶¶ 75–80.

> trusts or other institutional lenders *or other persons, parties or investors* (including, but not limited to, grantor trusts, owner trusts, *special purpose corporations*, REMICs, real estate investment trusts or other similar or comparable investment vehicles as may be selected by Beneficiary in its sole and absolute discretion) on terms and conditions satisfactory to Beneficiary in its sole and absolute discretion.[53]

Borrower also broadly waived any rights to notice or consent, including as to the sale of a participation interest[54]. The Participation Agreement thus fully complies with the Loan Documents, and it does *not* "materially alter[]" any of Plaintiffs' obligations.[55] Nothing in the Participation Agreement modifies the Note's terms or changes Plaintiffs' obligations or rights under the Loan Documents in any way[56].

Second, the Participation Agreement could not breach any alleged duty of good faith and fair dealing because no such duty exists under any applicable law and, in any event, no good-faith violation results from doing precisely what the Loan Documents authorize. Texas law, which governs the enforcement of "remedies against Borrower under th[e] Deed of Trust, the Note, and under the other Security Documents with respect to the property"[57] does not "overlay an implied duty of good faith and fair dealing . . . in the lender-borrower relationship,"[58] and even if any implied good-faith duty applied, it would not "negate express provisions of the agreement, nor is it violated where the contract terms unambiguously afford [a party] the right to exercise its absolute discretion."[59]

The same is true for New York, where "no obligation can be implied that 'would be

---

53 Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) (emphases added).

54 *See* Deed of Trust, p. 29, § 41 (Complaint, Exhibit "B," p. 98).

55 *See* Complaint, ¶ 166.

56 *See generally* Participation Agreement, (Complaint, Exhibit "C," p. 132).

57 *See* Deed of Trust, pp. 31–32, § 54(a) (Complaint, Exhibit "B," pp. 100-101). (emphasis omitted).

58 *See Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 116 (Tex. App.—Dallas 1991, no writ).

59 *Transit Funding Assoc., LLC v. Cap. One Equip. Fin. Corp.*, 149 A.D.3d 23, 29 (N.Y. 1st Dept. 2017).

inconsistent with other terms of the contractual relationship.'"[60] Certainly, refusing to pay required taxes and interest thereafter are, at a minimum, "inconsistent" with the Loan Documents.

### 2. Plaintiffs have not stated any breach of deed of trust.

Plaintiffs claim that Lender violated the Deed of Trust when it sold the Participation Interest.[61] Of course, Plaintiff explicitly agreed in that same Deed of Trust that the Lender could sell and assign participation interests to:

> [O]ne or more domestic or foreign banks, insurance companies, pension funds, trusts or other institutional lenders *or other persons, parties or investors* (including, but not limited to, grantor trusts, owner trusts, *special purpose corporations*, REMICs, real estate investment trusts or other similar or comparable investment vehicles as may be selected by Beneficiary in its sole and absolute discretion) on terms and conditions satisfactory to Beneficiary in its sole and absolute discretion.[62]

The very terms of the Deed of Trust vitiate Plaintiffs' claim, and it should be dismissed.

### 3. Plaintiffs have not stated any claim for fraud or any variant thereof.

To state a claim for fraud, Plaintiffs must allege, among other things, that the Defendants made a "material representation that was false," and Plaintiffs "actually and justifiably relied upon the representation and suffered injury as a result."[63] A promise must be definite to support a fraud claim; the claim fails if based on mere "vague assurances that no reasonable person would justifiably rely on."[64]

---

60 *Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289, 291 (N.Y 1995) (citations omitted).

61 *See* Complaint, ¶¶ 81–86.

62 Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) (emphases added).

63 *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653 (Tex. 2018).

64 *Global Integrated Bldg. Sys. v. Target Logistics, LLC*, No. 06-2637, 2009 WL 259360, at *8 (S.D. Tex. Feb. 3, 2009) (citation omitted).

Fraud by nondisclosure is "a subcategory of fraud" that involves the same elements plus the existence of "a duty to disclose."[65] Thus, to state a fraud-by-nondisclosure claim, Plaintiffs must allege that a defendant was under duty to disclose, along with specific facts giving rise to such duty[66].

Fraudulent inducement is another species of fraud which arises only in the context of a contract, and requires the existence of a contract such that the elements of fraud must be established as they relate to an agreement between the parties.[67]

Plaintiffs' fraud claims, however pled, are subject to Rule 9(b), which requires allegations to describe "with particularity the circumstances constituting fraud."[68] Plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[69]

The Complaint falls short under these requirements. Plaintiffs have not alleged sufficient misrepresentations or reliance; nor do they plead any basis for a "duty to disclose," defeating any fraud-by-nondisclosure theory. The fraud claims should therefore be dismissed.

**4. <u>Plaintiffs have not stated a claim for conspiracy.</u>**

A civil conspiracy claim requires "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful,

---

65 *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997).

66 *See Oyster Optics v. Infinera Corp.*, No. 2:19-CV-257, 2020 WL 5800923, at *3 (E.D. Tex. Sept. 29, 2020).

67 *See Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001).

68 *See* FED. R. CIV. P. 9(b).

69 *See Williams v. VMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("[T]he who, what, when, and where must be laid out.").

overt acts; and (5) damages as the proximate result."[70] Plaintiffs' allegations do not fulfill these elements.

As a threshold matter, civil conspiracy is a derivative claim that must be dismissed if the Court dismisses the other tort claims[71]. As discussed above, Plaintiffs' tort claims fail, which, in turn, requires dismissal of this claim.

Plaintiffs also have not alleged facts plausibly explaining how a meeting of the minds occurred to commit any unlawful act. Plaintiffs' allegation about a meeting of the minds is nothing but a threadbare recitation of the element, devoid of the required factual support[72].

**5. Plaintiffs do not state a claim under the Texas Uniform Trade Secrets Act ("TUTSA").**

Plaintiffs' state-law trade secret claims fail for the same reasons as do their DTSA claims. Under the TUTSA, Plaintiffs must plead (1) a trade secret, (2) acquisition of the trade secret by improper means, and (3) use of the trade secret without authorization.[73] In the Complaint, Plaintiffs fail to allege either a trade secret (as they failed to take reasonable measures to protect the information and have not explained how it has independent economic value) or a misappropriation (because Plaintiffs authorized disclosure and freely made additional disclosures to third parties).[74] Plaintiffs' TUTSA claim should be dismissed.[75]

[70] *Agar Corp. v. Electro Circuits Int'l*, 580 S.W.3d 136, 141 (Tex. 2019).

[71] *See Kane v. Yancey*, No. 15-1861, 2016 WL 922243, at *5 (S.D. Tex. Feb. 16, 2016); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997).

[72] *See* Complaint, ¶¶ 160–178; *see Twombly*, 550 US at 555.

[73] *See* TEX. CIV. PRAC. & REM. CODE § 134A.002. TUTSA provides that acquisition by improper means is a misappropriation, so as under the DTSA, Plaintiffs must allege both the existence of a trade secret and its misappropriation. *See id.* § 134A.002(3).

[74] *See supra*, pp. 7 – 10.

[75] *See, e.g.*, *Phuong Nguyen v. ABLe Commc'ns*, No. 02-19-00069-CV, 2020 WL 2071757, at *16–20 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (dismissing TUTSA claim when plaintiffs failed to state *prima facie* case).

**6. Plaintiffs fail to state any valid declaratory judgment claim.**

Plaintiffs' last four claims seek relief under the Declaratory Judgment Act[76]. Each of the requested declarations concerns the meaning and effect of the Loan Documents, which Plaintiffs attached to the Complaint[77]. The Court interprets the unambiguous Loan Documents as a matter of law, and the Loan Documents' terms preclude the relief Plaintiffs seek; the Court should therefore dismiss the declaratory judgment claims.[78] Even still, each is fatally deficient.

**a. The Participation Agreement is valid**

Plaintiffs seek declarations that the Participation Agreement (1) "was not permissible under the terms of Section 40 of the Deed of Trust," (2) is a breach of the duty of good faith and fair dealing, and (3) "is void as to each and every provision that provides HNGH with any rights of administration or control over the [Loan Documents], or any right [of] foreclosure on the Land."[79] The Loan Documents conclusively foreclose each of these requests.

First, Borrower explicitly authorized Lender to sell and assign participation interests to persons, parties or investors, to wit:

> Borrower acknowledges that Beneficiary may sell and assign participation interests or other types of interests in this Deed of Trust to one or more domestic or foreign banks, insurance companies, pension funds, trusts or other institutional lenders *or other persons, parties or investors* (including, but not limited to, grantor trusts, owner trusts, *special purpose corporations*, REMICs, real estate investment trusts or other similar or comparable investment vehicles as may be selected by Beneficiary in its sole and absolute discretion) on terms and conditions satisfactory to Beneficiary in its sole and absolute discretion.[80]

---

[76] *See* Complaint, ¶¶150–63.

[77] *See* Note (Complaint, Exhibit "A," p. 48); Deed of Trust, (Complaint, Exhibit "B," p. 69).

[78] *See, e.g., Summers v. PennyMac Corp.*, No. 3:12-CV-01235, 2012 WL 5944943, at *8 (N.D. Tex. Nov. 28, 2012) (dismissing a request for declaratory judgment under Rule 12(b)(6) because the declaration sought was "contradicted by the Note [and] Security Instrument").

[79] *See* Complaint, ¶¶ 164–69.

[80] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) (emphases added).

Borrower also broadly waived any rights to notice or consent, including as to the sale of a participation interest.[81] The Participation Agreement thus fully complies with the Loan Documents, and it does *not* "materially alter[]" any of Plaintiffs' obligations.[82]

Moreover, the Participation Agreement is explicitly an agreement between the Lender and former Defendant HNGH Turtle Creek, LLC.[83] Nothing in the Participation Agreement modifies the Note's terms or changes Plaintiffs' or Lender's obligations or rights under the Loan Documents in any way.[84]

The Participation Agreement could not breach any alleged duty of good faith and fair dealing because no such duty exists under any applicable law and, in any event, no good-faith violation results from doing precisely what the Loan Documents authorize. Texas law, which governs the enforcement of "remedies against Borrower under th[e] Deed of Trust, the Note, and under the other Security Documents with respect to the property"[85] does not "overlay an implied duty of good faith and fair dealing . . . in the lender-borrower relationship,"[86] and even if any implied good-faith duty applied, it would not "negate express provisions of the agreement, nor is it violated where the contract terms unambiguously afford [a party] the right to exercise its absolute discretion."[87] The same is true for New York, where "no obligation can be implied that 'would be

[81] *See* Deed of Trust, p. 29, § 41 (Complaint, Exhibit "B," p. 98).

[82] *See* Complaint, ¶166.

[83] *See* Participation Agreement, p.1 (Complaint, Exhibit "C," p. 132) ("This PARTICIPATION AGREEMENT ("Agreement") is made as of January 24, 2020, by and between 2999 TURTLE CREEK LLC, a Delaware limited liability company ("Madison"), and HNGH TURTLE CREEK, LLC, a Delaware limited liability company ("GHCP")").

[84] *See generally* Participation Agreement, (Complaint, Exhibit "C," p. 132).

[85] *See* Deed of Trust, pp. 31–32, § 54(a) (Complaint, Exhibit "B," pp. 100-101). (emphasis omitted).

[86] *See Cockrell*, 817 S.W.2d at 116.

[87] *Transit Funding Assoc.*, 149 A.D.3d at 29.

inconsistent with other terms of the contractual relationship.'"[88] Certainly refusing to pay required taxes and interest thereafter are, at a minimum, "inconsistent" with the Loan Documents.

Finally, Plaintiffs do not identify anything which would entitle them to a declaration that the Participation Agreement's terms are "void."[89] The loan documents specifically contemplate the Participation Agreement,[90] and Lender had "the right to contract as they see fit as long as their agreement does not violate the law or public policy."[91] Plaintiffs do not allege the Participation Agreement violates the law or public policy, nor could they. Thus, Plaintiffs have "not alleged facts giving rise to a plausible claim for declaratory judgment," and this claim should be dismissed.[92]

**b. <u>Payments by the participant do not "cure" Borrower's defaults.</u>**

Plaintiffs also seek a declaration that Borrower's defaults "were cured by HNGH's voluntary payment of such sums."[93] This request does not square with the plain terms of the Loan Documents and Participation Agreement.

Initially, this claim does not apply to Defendants, particularly as Lender has sold its interest in the Loan Documents.[94] Even still, under the Participation Agreement, the Borrower's default is a condition precedent to the participant making payments to the Lender.[95] Any payments by the participant had no effect on the relationship between Borrower and Lender, and did not cure

---

[88] *Dalton*, 87 N.Y.2d at 389, 663 N.E.2d at 291 (citations omitted).

[89] *See* Complaint, ¶168.

[90] *See* Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97).

[91] *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213 (Tex. 2019).

[92] *See Celanese v. OneBeacon Am. Ins.*, No. 3:15-CV-03822, 2016 WL 6496354, at *3 (N.D. Tex. May 20, 2016).

[93] *See* Complaint, ¶¶ 160–163.

[94] *See* Complaint, ¶ 62.

[95] *See* Participation Agreement, § 7 (Complaint, Exhibit "C," p. 138).

Borrower's defaults; put another way, the payments only preserved the agreement between participant and Lender, not Lender and Borrower.[96]

There is no plausible basis to rewrite either the Participation Agreement or Loan Documents, and this claim should be dismissed.

**c. <u>Performance under the loan documents is not impossible.</u>**

Plaintiffs also seek a declaration that the Loan Documents' purpose was "frustrated and performance rendered impossible by the shutdown orders arising from COVID-19."[97] Again, the Loan Documents preclude the requested declaration.

Borrower's obligations under the Note "are and shall at all times continue to be *absolute and unconditional in all respects*."[98] Borrower also broadly waived defenses to the Note's enforcement, including "any principles or provisions of law, statutory or otherwise" that could permit "any legal or equitable discharge of its obligations."[99] These provisions bar Plaintiffs' requested declaration.[100]

In addition, case law does not permit such an exception. Putting aside that Borrower's failure to pay its property taxes when due back in October of 2019, and when they could last be paid without penalty on January 31, 2020, was long before any shelter–in–place order was even conceived of, "impossibility" requires that "the business purpose of the loan was frustrated."[101]

---

96 *See* Participation Agreement, § 7 (Complaint, Exhibit "C," p. 138).

97 Complaint, ¶¶ 170–173.

98 *See* Note, § 13 (Complaint, Exhibit "A," p. 52).

99 *See* Note, § 33 (Complaint, Exhibit "A," p. 13); Deed of Trust, § 70(cc) (Complaint, Exhibit "B," p. 114).

100 *See, e.g.*, *Wells Fargo Nw. Bank, Nat'l. Ass'n. v. Varig-S.A.*, No. 02 Civ. 6078, 2003 WL 21508341, at *3 (S.D.N.Y. June 27, 2003) (holding that a contractual waiver of defenses barred arguments based on "commercial impracticability and/or impossibility"); *United States v. Herndon*, No. 11-318, 2012 WL 4718622, at *9 (S.D. Tex. Aug. 8, 2012) (recognizing that waiver clauses requiring full payment "regardless of any defenses or rights of set-off or counterclaims" are enforced).

101 *See* Complaint, ¶¶ 170–173.

This is not an argument that meeting its payment obligations are objectively impossible – that it "cannot be done,"[102] – but instead that they are *subjectively* impossible, which owes to the purported inability of Borrower to perform its obligations as they become due.[103]

"[A] party cannot escape contract liability by claiming subjective impossibility; subjective impossibility neither prevents the formation of the contract nor discharges a duty created by a contract."[104] Thus, the declaratory judgment claim fails as a matter of law (as well as fact), and there is no probability of success on the merits for that claim.

**d. <u>The assignment is valid.</u>**

Plaintiffs' final claim seeks a declaration that the assignment of the Loan Documents to the Former Defendants is void.[105] As an initial matter, the claim is unworkable because the assignee (and this claim against the assignee) was dismissed with prejudice. More importantly, there is no prohibition against assignment in the Deed of Trust, and Plaintiffs agreed that the loan could be freely assigned in the sole discretion of the Lender.[106] As a result, the declaratory judgment claim fails as a matter of law (as well as fact), and has no probability of success on the merits.

---

[102] *See Grayson v. Grayson Armature Large Motor Div., Inc.*, 14-09-00748-CV, 2010 WL 2361432, at *5 (Tex. App.—Houston [14th Dist.] June 15, 2010, pet. denied) (mem op.) ("Something is objectively impossible if 'the thing cannot be done,' such as a promisor's inability 'to perform the promise to settle [a] claim by entering an agreed judgment in a lawsuit which had been dismissed' prior to the completion of the agreement.").

[103] *See Grayson*, 2010 WL 2361432, at *5 ("Subjective impossibility is impossibility that is due wholly to the inability of the individual promissor. [sic] Something is subjectively impossible if 'I cannot do it,' such as a promisor's financial inability to pay.") (citations omitted).

[104] *Grayson*, 2010 WL 2361432, at *5; *see also D2 Excavating, Inc. v. Thompson Thrift Constr., Inc.*, Case No. 19-40745, 2020 WL 5227470, at *3 (5th Cir. Sept. 2, 2020) ("The default rule in Texas, dating back to a case interpreting an 1899 contract to construct a building in San Antonio, is that the party doing the work bears the risk that it will end up being more difficult than anticipated unless the contract shifts that risk to the buyer of the services. This default rule flows from the basic contract principle that 'where one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered.'") (citations omitted).

[105] *See* Complaint, ¶¶ 174–178.

[106] *See* Deed of Trust, § 40 (Complaint, Exhibit "B," p. 27).

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE Defendants respectfully request that the Court dismiss the claims against them in the Complaint under Federal Rule of Civil Procedure 12(b)(6), and grant to Defendants such relief to which they may be entitled.

Dated: January 29, 2021

Respectfully Submitted,

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
Email: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR DEFENDANTS 2999 TURTLE CREEK, LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOHSUA ZEGEN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties listed below in the matter indicated on January 29, 2021.

**VIA ELECTRONIC SERVICE**
G. Michael Gruber
J. Brian Vanderwoude
Kelsey M. Taylor
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: (214) 981-9900
Facsimile: (214) 981-9901
E-Mail: gruber.mike@dorsey.com
vanderwoude.brian@dorsey.com
taylor.kelsey@dorsey.com

**VIA ELECTRONIC SERVICE**
Rusty J. O'Kane
Zachary C. Farrar
**WICK PHILLIPS, LLC**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:
E-Mail: Rusty.Okane@wickphillips.com
Zachary.Farrar@wickphillips.com

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.