**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC F/K/A MO 2999 TC, LLC, AND TIMOTHY L. BARTON,** | § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **No. 3:20-CV-3229** |
| **2999 TURTLE CREEK, LLC, HNGH TURTLE CREEK, LLC, HN GREEN HOLLOW CAPITAL PARTNERS, LLC, MADISON REALTY CAPITAL, LP, VIPIN NAMBIAR, JAMES G. GLASGOW, JR., MARC ZEGEN, AND JOSHUA ZEGEN,** | § | |
| ***Defendants*.** | § | |

---

**DEFENDANTS MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOSHUA ZEGEN'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

---

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 2

A. Plaintiffs take out a $32.5 million loan. ........ 2

B. Lender sells a participation interest in the Loan, as Plaintiffs specifically agreed it could. ........ 2

C. Borrower defaults under the Note and Deed of Trust; Lender posts for foreclosure ........ 4

D. After unfavorable rulings in the state courts, Plaintiffs files nearly identical case. ........ 5

E. Individual Defendant Marc Zegen is a New York resident with no meaningful contacts with Texas. ........ 5

F. Individual Defendant Joshua Zegen is a New York resident with no meaningful contacts with Texas. ........ 6

G. Defendant Madison Realty Capital, LP is a Delaware limited partnership, based in New York, with no meaningful contacts with Texas. ........ 7

PROCEDURAL HISTORY ........ 9

ARGUMENTS AND AUTHORITIES ........ 10

A. Standard for Rule 12(b)(1) Motion to Dismiss ........ 10

1. Standard for consideration of materials on Motions to Dismiss. ........ 10

2. Standard for Personal Jurisdiction ........ 11

3. Plaintiff must establish the existence of jurisdiction ........ 11

a. Finding jurisdiction must comport with due process. ........ 11

b. Defendant must have minimum contacts with the jurisdiction which confer general or specific jurisdiction. ........ 12

B. The Court lacks general jurisdiction over the Defendants. ........ 13

1. Individual Defendants ........ 13

2. Entity Defendant ........ 14

C. The Court lacks specific jurisdiction over the Defendants. ........ 15

1. Individual Defendants ........ 15

2. Entity Defendant ........ 15

CONCLUSION AND PRAYER FOR RELIF ........ 16

CERTIFICATE OF SERVICE ........ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Interline Brands, Inc.*,
997 F. Supp. 2d 501 (N.D. Tex. 2014) ....................10, 11, 15

*Antonio Leonard TNT Prods., LLC v. Goossen-Tutor Promotions, LLC*,
47 F. Supp. 3d 500 (S.D. Tex. 2014). ....................12, 15

*Architettura Inc. v. DSGN Assocs. Inc.*,
No. 3:16-CV-3021, 2018 WL 3428705 (N.D. Tex. July 13, 2018)....................11, 14

*Breckenridge Enters., Inc. v. Avio Alternatives, LLC*,
3:08-CV-1782-M, 2009 WL 1469808 (N.D. Tex. May 27, 2009)....................14

*Burchfield v. Stein*,
No. 3:01-CV-2529, 2002 WL 318341 (N.D. Tex. Feb. 27, 2002) ....................14

*Busch v. Viacom Int'l, Inc.*,
477 F. Supp. 2d 764 (N.D. Tex. 2007) ....................13

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
943 F.3d 239 (5th Cir. 2019) ....................11

*Frank v. P N K (Lake Charles) L.L.C.*,
947 F.3d 331, 337–38 (5th Cir. 2020) ....................12

*Gerritsen Beach Invs., Ltd. v. Jemal*,
No. 3:08-CV-1192, 2009 WL 10704501 (N.D. Tex. Apr. 22, 2009) ....................13

*Goodyear Dunlop Tires Opers., S.A. v. Brown*,
564 U.S. 915 (2011)....................12, 13, 15

*Henneberger v. Ticom Geomatics, Inc.*,
No. 1:18-CV-134, 2018 WL 6589472 (W.D. Tex. Dec. 12, 2018) ....................10

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) ....................12

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)....................13, 14

*Maiden Biosciences Inc. v. MPM Med. Inc.*,
No. 3:18-CV-1354, 2019 WL 6036941 (N.D. Tex. Nov. 14, 2019) ....................15

*Mullins v. TestAmerica, Inc.*,
564 F.3d 386 (5th Cir. 2009) ....................12, 15

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ....................11, 15

*Russell v. City of Dallas*,
No. 3:12-CV-5176, 2013 WL 12099965 (N.D. Tex. Apr. 23, 2013) ....................10

*Sangha v. Navig8 ShipMgm't Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ....................11, 12

*Stiel v. Heritage Numismatic Auctions, Inc.*,
816 F. App'x 888 (5th Cir. 2020) ....................10

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ....................13, 14

*Walden v. Fiore*,
571 U.S. 277 (2014)....................12, 13, 15

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) ....................10

**Other Authorities**

FED. R. CIV. P. 12(b)(2) ....................1, 9, 10

FED. R. CIV. P. 12(b)(6) ....................1, 9, 10

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Madison Realty Capital, LP, Marc Zegen, and Johsua Zegen ("Defendants") file their Brief in Support of Motion to Dismiss the claims against them alleged against them in Plaintiffs' First Amended Complaint ("Complaint") [Dkt. No. 44], and respectfully state as follows:

## INTRODUCTION

This is an uncomplicated case, and one which gets less and less complicated with the passing of time and the actions of the Plaintiffs. There is simply no basis for this Court to assert jurisdiction over Defendants.

In September of 2019, Plaintiffs borrowed $32.5 to finance the purchase of certain commercial real property in Dallas County, Texas. The loan was quickly in default, and eventually matured by its own terms. Plaintiffs sued its lender and several others in Texas State Court suit, and when that proved unsuccessful, filed this nearly identical case in this Court. In addition to its original lender, Plaintiffs also sued an unrelated corporate entity with nothing to do with the loan, and two individual principals of that unrelated entity.

After the Court entered recommendations that the case be dismissed for failure to state a claim, Plaintiffs dismissed their claims against the parties who had then entered an appearance; for whatever reason, they did not likewise dismiss Defendants.

Defendants have separately moved to dismiss under FED R CIV. P. 12(b)(6) for Plaintiffs' failure to state a claim, but Plaintiffs' claims against Defendants also fail because they are not subject to personal jurisdiction. None of the actions Defendants are alleged to have taken are attributable to the individual Defendants as individuals, and none of the Defendants have availed themselves in Texas in a way which would subject them to personal jurisdiction in Texas.

Because Plaintiffs do not make a *prima facie* case that Defendants have minimum contacts with Texas, Plaintiffs' claims against them must be dismissed.

## FACTUAL BACKGROUND

### A. Plaintiffs take out a $32.5 million loan.

Plaintiff Timothy Barton ("Barton") is an individual residing in the State of Texas.[1] Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Borrower"), is a Delaware limited liability company, and a special purpose entity.[2]

Barton, through the Borrower, borrowed $32.5 million from Defendant 2999 Turtle Creek, LLC, a Delaware limited liability company ("Lender"), in September 2019.[3] Plaintiffs used the loan to acquire certain commercial real property for which they hoped to raise funds to be able to develop.[4]

As part of the loan, Borrower executed a Secured Promissory Note (the "Note"),[5] which is secured by a Deed of Trust, Security Agreement, and Fixture Filing (the "Deed of Trust")[6] on the Property.[7] Barton personally guaranteed the amounts due under the Note and Deed of Trust.[8]

### B. Lender sells a participation interest in the Loan, as Plaintiffs specifically agreed it could.

In January of 2020, Lender sold a such a participation interest in the Note and Deed of Trust to an institutional lender, former defendant HNGH Turtle Creek, LLC.[9]

---

1 *See* Plaintiffs' First Amended Complaint (the "Complaint"), ¶ 3.

2 *See* Complaint, ¶ 2.

3 *See* Complaint, ¶ 18.

4 *See* Complaint, ¶¶ 17, 18.

5 *See* Complaint, ¶ 18. The Note is attached to the Complaint as Exhibit A, at p. 48.

6 *See* Complaint, ¶ 18. The Deed of Trust is attached to the Complaint as Exhibit B, at p. 69.

7 *See* Complaint, ¶ 18.

8 *See* Complaint, ¶¶ 3, 20.

9 *See* Complaint, ¶ 40; *see also* Participation Agreement, Complaint, Exhibit "C," p. 132. It is worth noting that the Participation Agreement, which is marked "Confidential," was produced in other litigation pursuant to the terms of an Agreed Protective Order, and its filing in this Court is at least the second time Plaintiffs have willfully violated that Agreed Protective Order.

In the Deed of Trust, Plaintiffs agreed that the Lender could sell and assign participation interests to:

> [O]ne or more domestic or foreign banks, insurance companies, pension funds, trusts or other institutional lenders or other persons, parties or investors (including, but not limited to, grantor trusts, owner trusts, special purpose corporations, REMICs, real estate investment trusts or other similar or comparable investment vehicles as may be selected by Beneficiary in its sole and absolute discretion) on terms and conditions satisfactory to Beneficiary in its sole and absolute discretion.[10]

Plaintiffs also agreed that the Lender could distribute "confidential information" to any actual participant or potential participant, agreeing specifically that

> Borrower grants to Beneficiary, and shall cause each Guarantor and other person or party associated or connected with this Deed of Trust or the Collateral therefore to grant to Beneficiary the right to distribute on a confidential basis financial and other information concerning Borrower, each such Guarantor and other person or party and the property encumbered by this Deed of Trust and any other pertinent information with respect to this Deed of Trust to any party who has purchased a participation interest in this Deed of Trust who has expressed an interest in purchasing any such interest in this Deed of Trust.
>
> On a confidential basis, Beneficiary may provide to any actual or potential purchaser, transferee, assignee, servicer, participant or investor or any rating agency, all documents and information which Beneficiary now has or may hereafter acquire relating to the Loan, Borrower, Guarantor any other party to the Loan or the Property which shall have been furnished by or on behalf of Borrower, Guarantor or any other party to the Loan, as Beneficiary in its discretion determines is desirable.[11]

Plaintiffs even agreed to cooperate in providing such confidential information.[12]

Plaintiffs waived any notice to any assignment or participation agreement.[13]

---

[10] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97).

[11] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97).

[12] Deed of Trust, p. 28, § 40 (Complaint, Exhibit "B," p. 97) ("Borrower shall cooperate with Beneficiary with the same, including providing such information and documents as Beneficiary may reasonably request.").

[13] *See* Deed of Trust, p. 29, § 41 (Complaint, Exhibit "B," p. 98).

## C. <u>Borrower defaults under the Note and Deed of Trust; Lender posts for foreclosure.</u>

Starting in February 2020, and continuing thereafter, Borrower defaulted under the Loan Documents' terms by failing to pay property taxes when they became due and corresponding default interest, defaults to which Plaintiffs freely admit.[14]

When Plaintiffs did not cure the defaults, Lender served the notices required under the Deed of Trust and Texas Property Code to conduct a non-judicial foreclosure sale.[15] To stop the otherwise properly noticed sale, Borrower added Lender as a defendant to a case pending in Texas State Court seeking injunctive relief.[16] The state court ultimately denied Borrower's request for a temporary injunction to prevent Lender from foreclosing.[17] Borrower appealed the trial court's denial of the temporary injunction, and while that appeal was pending,[18] Borrower filed this case.

---

[14] *See* Complaint, ¶¶ 48, 49, 56.

[15] *See* Complaint, ¶ 60.

[16] *See* Complaint, ¶ 60; *see also* Plaintiff's Fourth Amended Petition, Cause No. DC-20-05864, *2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC vs. HNGH Turtle Creek, LLC, et al.*, in the District Court, 14th Judicial District, Dallas County, Texas, Hon. Eric Moyé, presiding (the "State Trial Court Case"). The pleadings and affidavits filed in state trial court by Plaintiffs herein are public records, generally known within the Court's territorial jurisdiction, and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned by searching at https://courtsportal.dallascounty.org/DALLASPROD -> "Smart Search" -> "DC-20-05864."

[17] *See* Order Denying Plaintiff's Application for Temporary Restraining Injunction, entered in the State Trial Court Case on August 20, 2020.

[18] *See* Case No. 05-20-00774-CV, *2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC v. HNGH Turtle Creek, LLC, et al*., in the Court of Appeals for the Fifth District of Texas at Dallas; Case No. 05-20-00777-CV, *In Re 2999TC Acquisitions, LLC F/K/A MO 2999TC, LLC*, in the Court of Appeals for the Fifth District of Texas at Dallas. The pleadings and affidavits filed in state appellate court by Plaintiffs herein are public records, generally known within the Court's territorial jurisdiction, and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned by searching at https://www.txcourts.gov/5thcoa/ -> "Find My Case" -> 05-20-00774 and 05-20-00777-CV, respectively.

### D. After unfavorable rulings in the state courts, Plaintiffs files nearly identical case.

This lawsuit is virtually identical to Borrower's state trial court lawsuit, but for the addition of (i) a dubious claim under the federal Defend Trade Secrets Act ("DTSA"), included in an attempt to secure federal jurisdiction,[19] and (ii) the two new Defendants.[20]

### E. Individual Defendant Marc Zegen is a New York resident with no meaningful contacts with Texas.

Defendant Marc Zegen "is an individual citizen of the State of New York who resides in New York, New York"[21] Plaintiffs allege Defendant Marc Zegen is an owner, director, and/or principal of Defendant Madison, which is New York limited partnership based in New York.[22]

In all, Defendant Marc Zegen's name appears in five of the forty-eight paragraphs of Factual Background of the Complaint, each time solely as having allegedly made a representation through Defendant Madison Realty Capital, LP,[23] to wit:

- Madison Realty Capital, LP allegedly made certain representations, and took certain actions, through Defendant Marc Zegen;[24]
- Defendant Marc Zegen, on behalf of Madison Realty Capital, LP, met with former defendant James Glasgow regarding the loan *in New York*;[25]
- Defendant Marc Zegen, on behalf of Madison Realty Capital, LP, requested Plaintiffs come to New York for a meeting;[26] and

---

19 *See* Complaint, p. 26.

20 *See generally*, Complaint.

21 *See* Complaint, ¶ 10.

22 *See* Complaint, ¶¶ 10, 4.

23 *See generally*, Complaint, pp. 6-26.

24 *See* Complaint, ¶¶ 19, 21, 65.

25 *See* Complaint, ¶ 23.

26 *See* Complaint, ¶ 24.

- Defendant Marc Zegen managed the loan on behalf of Madison Realty Capital, LP.[27]

Plaintiffs' allegations concerning Defendant Marc Zegen do not show any meaningful connection to Texas. Plaintiffs do *not* allege that Defendant Marc Zegen traveled to Texas, owns property in Texas in his individual capacity, that he is "at-home" in Texas, or that he otherwise interacted with the State of Texas.

### F. Individual Defendant Joshua Zegen is a New York resident with no meaningful contacts with Texas.

Defendant Joshua Zegen "is an individual citizen of the State of New York who resides in New York, New York"[28] Plaintiffs allege Defendant Joshua Zegen is an owner, director, and/or principal of Defendant Madison, which is New York limited partnership based in New York.[29]

In all, Defendant Joshua Zegen's name appears in a total of seven of the forty-eight paragraphs in the Factual Background of the Complaint, each time solely as having allegedly made a representation through Defendant Madison Realty Capital, LP,[30] to wit:

- Defendant Madison Realty Capital, LP allegedly made certain representations, and took certain actions, through Defendant Joshua Zegen;[31]
- Defendant Joshua Zegen, Defendant Madison Realty Capital, LP, met with former defendant James Glasgow regarding the loan *in New York*;[32]
- Defendant Joshua Zegen, on behalf of Defendant Madison Realty Capital, LP, requested Plaintiffs come to New York for a meeting;[33]
- Defendant Joshua Zegen met with Plaintiffs *in New York*; and

---

27 *See* Complaint, ¶ 44.

28 *See* Complaint, ¶ 11.

29 *See* Complaint, ¶¶ 11, 4.

30 *See generally*, Complaint, pp. 6-26.

31 *See* Complaint, ¶¶ 19, 21, 65.

32 *See* Complaint, ¶ 23.

33 *See* Complaint, ¶ 24.

- Defendant Joshua Zegen managed of the loan through Defendant Madison Realty Capital, LP.[34]

Plaintiffs' allegations concerning Defendant Joshua Zegen do not show any meaningful connection to Texas. Plaintiffs do *not* allege that Defendant Joshua Zegen traveled to Texas, owns property in Texas in his individual capacity, is "at-home" in Texas, or that he otherwise interacted with the State of Texas.

### G. Defendant Madison Realty Capital, LP is a Delaware limited partnership, based in New York, with no meaningful contacts with Texas.

Defendant Madison Realty Capital, LP is a Delaware limited partnership with its principal place of business located in New York, New York.[35] Defendant does not have a registered agent for service in Texas.[36]

Plaintiffs allege that Madison "created" Defendant 2999 Turtle Creek LLC, a Delaware limited liability and a special purpose entity which loaned Plaintiffs the funds to buy the Property.[37] Plaintiffs allege that Defendant 2999 Turtle Creek LLC is a "wholly owned special-purpose entity established by Madison,"[38] but does not say wholly-owned by whom; that ambiguity is an apparent attempt at obfuscation because, as Plaintiffs know, Defendant Madison Realty Capital, LP does not own any part of Defendant 2999 Turtle Creek LLC.[39]

---

[34] *See* Complaint, ¶ 44.

[35] *See* Complaint, ¶ 4; Declaration of David Speiser (the "Speiser Declaration"), ¶ 3. The Speiser Declaration is filed concurrently herewith. Plaintiffs incorrectly aver that "Madison Realty Capital, LP is a limited partnership organized under the laws of the State of New York. *See id.* This is incorrect; it is also immaterial to the instant motion.

[36] *See* Complaint, ¶ 4.

[37] *See* Complaint, ¶ 4, 5, 18.

[38] *See* Complaint, ¶ 18.

[39] *See* Speiser Declaration, ¶ 4.

Plaintiff alleges that Defendant Madison Realty Capital, LP:

- "Created" a Delaware limited liability company as a special purpose entity to lend Plaintiffs the money to purchase the Property (which is (i) incorrect, and (ii) significantly, does not allege that Defendant Madison Realty Capital, LP itself conducted any business in Texas);[40]

- Defendant Madison Realty Capital, LP made certain representations, and took certain actions;[41]

- Representatives Defendant Madison Realty Capital, LP met with former defendant James Glasgow regarding the loan *in New York*;[42]

- Representatives Defendant Madison Realty Capital, LP requested Plaintiffs come to New York for a meeting;[43] and

- Representatives Defendant Madison Realty Capital, LP met with Plaintiffs *in New York*;[44] and

Plaintiffs' allegations concerning Defendant Madison Realty Capital, LP do not show any meaningful connection to Texas. Plaintiffs do *not* allege that Defendant Madison Realty Capital, LP operated in Texas, traveled to Texas, owns property directly in Texas, it is at-home in Texas, or otherwise interacted with the State of Texas.

---

[40] *See* Complaint, ¶¶ 19, 21, 28, 65.

[41] *See* Complaint, ¶¶ 19, 21, 65.

[42] *See* Complaint, ¶ 23.

[43] *See* Complaint, ¶ 24.

[44] *See* Complaint, ¶ 25.

## PROCEDURAL HISTORY

After suffering several adverse rulings in the Texas State Trial Court – including orders denying an application for temporary injunction and a finding of contempt and a sanction of over $10,000[45] – Plaintiffs filed the instant case on October 22, 2020.[46]

After the State Court of Appeals entered its Opinion and Order that the Plaintiffs would have to post a bond in the amount of $5.2 million in order to halt a January foreclosure sale,[47] Plaintiffs dismissed all parties, claims, cases, and appeals in the Texas State Court.

Though the Notice of Foreclosure Sale was filed and served on November 20, 2020, and amended it on December 11, 2020, Plaintiffs waited until December 22, 2020 to seek an injunction to stop a January 5, 2021 foreclosure sale of the Property.[48]

In response to the Complaint, former defendants HNGH Turtle Creek, LLC, HN Green Hollow Capital Partners, LLC, Vipin Nambiar, and James G. Glasgow filed (the "Former Defendants") filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).[49] Separately, former defendant James Glasgow sought dismissal for lack of jurisdiction under Rule 12(b)(2).[50]

---

45 *See* Order Denying Plaintiff's Application for Temporary Injunction, entered in the State Court Case on August 20, 2020; Order for Contempt of Court, entered in the State Trial Court Case on October 15, 2020.

46 *See* Complaint.

47 *See* Memorandum Opinion, entered November 13, 2020, in Case No. 05-20-00777-CV, *In Re 2999TC Acquisitions, LLC F/K/A MO 2999TC, LLC.*

48 *See* Plaintiff's Brief in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order and Application for Preliminary Injunction [Dkt. No. 18], p. 1.

49 *See* Green Hollow Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), [Dkt No. 10].

50 *See* Defendant James G. Glasgow, Jr.'s Motion to Dismiss Under FED. R. CIV. P. 12(b)(2) [Dkt. No. 9].

Following a hearing on January 4, 2021, the Honorable Rebecca Rutherford, United States Magistrate Judge, found and concluded that the lawsuit should be dismissed without prejudice, and entered recommendations that it be so dismissed.[51]

The next day, Plaintiffs dismissed the Former Defendants, but only the Former Defendants, *with* prejudice,[52] in recognition of which the Court denied as moot the Plaintiff's applications for injunctive relief and the Former Defendants' Motions to Dismiss.[53]

## ARGUMENTS AND AUTHORITIES

### A. Standard for Rule 12(b)(1) Motion to Dismiss

#### 1. Standard for consideration of materials on Motions to Dismiss.

In ruling on a Motion to Dismiss, Courts consider the Complaint in its entirety, including materials attached to the Complaint as well as those referred to in the Complaint and central to Plaintiffs' claims.[54] For Motions under Rule 12(b)(2), Courts also consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.[55] Courts may further take judicial notice of matters of public record, including documents filed in another court.[56]

---

[51] *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 45]. The recommendations further recommended that no order be entered on the applications for injunctive relief. *See id.*

[52] *See* Agreed Notice of Dismissal with Prejudice as to the Green Hollow Defendants [Dkt. No. 46]. Following the dismissal of the Dismissed Defendants with Prejudice, the Hon. Rutherford ordered that the recommendations be vacated, but also ordered that a copy be served on Defendants. *See* Order [Dkt. No. 47].

[53] *See* Order [Dkt. No. 47].

[54] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

[55] *See Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 505–06 (N.D. Tex. 2014).

[56] *See, e.g., Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that a district court considering a Rule 12(b)(6) motion may take judicial notice of a state court's orders and docket); *Russell v. City of Dallas*, No. 3:12-CV-5176, 2013 WL 12099965, at *1 n.2 (N.D. Tex. Apr. 23, 2013) (taking judicial notice of "city, state, and federal court filings" when considering a Rule 12(b)(1) motion); *Henneberger v. Ticom Geomatics, Inc.*, No. 1:18-CV-134, 2018 WL 6589472, at *2 n.4 (W.D. Tex. Dec. 12, 2018).

**2. Standard for Personal Jurisdiction**

**3. Plaintiff must establish the existence of jurisdiction**

To establish personal jurisdiction over a non-resident, Plaintiffs must present "sufficient evidence to support a *prima facie* case supporting jurisdiction."[57] Although jurisdictional allegations must be accepted as true, that acceptance does not automatically mean that a *prima facie* case for personal jurisdiction has been presented,[58] and the Courts do not necessarily rely upon conclusory allegations, even when uncontroverted.[59]

**a. Finding jurisdiction must comport with due process.**

Because Texas's long-arm statute extends to the limits of federal due process, Courts may assert personal jurisdiction over a nonresident defendant so long as the assertion of jurisdiction comports with the Due Process Clause of the United States Constitution.[60]

To comport with due process, a plaintiff must show that (i) Defendants purposely availed themselves of the benefits and protections of the forum state by establishing minimum contacts therewith, and (ii) the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.[61]

When a Defendant has no minimum contacts to a jurisdiction, the Court need not inquire into fairness.[62]

---

[57] *See Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)).

[58] *See Sangha v. Navig8 Ship Mgm't Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

[59] *See Panda Brandywine*, 253 F.3d at 869.

[60] *See Sangha*, 882 F.3d at 101; *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 506 (N.D. Tex. 2014).

[61] *See Diece-Lisa*, 943 F.3d at 249–50; *Allstate*, 997 F. Supp. 2d at 506.

[62] *See Architettura Inc. v. DSGN Assocs. Inc.*, No. 3:16-CV-3021, 2018 WL 3428705, at *4 (N.D. Tex. July 13, 2018) (Scholer, J.).

**b. Defendant must have minimum contacts with the jurisdiction which confer general or specific jurisdiction.**

The "minimum contacts" prong of the due process analysis may be met through contacts giving rise to either specific or general jurisdiction.[63] Establishing general jurisdiction is "difficult,"[64] and it is found only when a non-resident defendant's affiliations with the State are so continuous, systematic, and substantial that they are essentially at-home in the forum State.[65]

In contrast, specific personal jurisdiction is established through a defendant's contacts with the forum state arising from, or related to, the cause of action as directed at the forum state.[66]

Courts consider most whether there is the existence of some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thereby invoking the benefits and protections of its laws.[67] To exercise jurisdiction consistent with due process, the defendant's "suit-related conduct must create a substantial connection with the forum State."[68]

For both general and specific jurisdiction, the minimum contacts analysis looks to the defendant's contacts with the forum State itself, and *not* the defendant's contacts with persons who

---

63 *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

64 *Sangha*, 882 F.3d at 101; *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337–38 (5th Cir. 2020) ("In turn, for general jurisdiction to exist in a forum other than Louisiana, this would have to be the 'exceptional case' where PNK's corporate operations are 'so substantial and of such a nature as to render the corporation at home' in that forum.").

65 *See Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

66 *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009); *Allstate*, 997 F. Supp. 2d at 506.

67 *See Goodyear*, 564 U.S. at 924; *Antonio Leonard TNT Prods., LLC v. Goossen-Tutor Promotions, LLC*, 47 F. Supp. 3d 500, 507 (S.D. Tex. 2014).

68 *See Antonio Leonard TNT Prods.*, 47 F. Supp. 3d at 507 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

reside there.[69] Put another way, jurisdiction is conferred through the defendant's own affiliation with the state; its relationship to a plaintiff or third party will not suffice.[70]

Further, Courts consider an individual defendant's contacts apart from than those of his principal, jurisdiction over individuals does not automatically follow from jurisdiction over a corporation that employs them,[71] and contacts made in the capacity as an officer of a corporation are not counted as individual contacts for purposes of personal jurisdiction.[72]

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile."[73]

**B. <u>The Court lacks general jurisdiction over the Defendants.</u>**

**1. Individual Defendants**

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile."[74]

As Plaintiffs state in their Complaint, neither Defendant Marc Zegen nor Defendant Joshua Zegen are domiciled, or "at-home," in Texas.[75]

Plaintiffs do not allege any facts that could otherwise bear on general jurisdiction, such as that Marc Zegen nor Defendant Joshua Zegen own property or paying taxes in Texas.[76]

---

69 *See Walden*, 571 U.S. at 285.

70 *See Walden*, 571 U.S. at 286.

71 *See Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781 n.13 (1984).

72 *See Gerritsen Beach Invs., Ltd. v. Jemal*, No. 3:08-CV-1192, 2009 WL 10704501, at *3 (N.D. Tex. Apr. 22, 2009) (emphasis added); *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

73 *See Goodyear*, 564 U.S. at 920.

74 *See Goodyear*, 564 U.S. at 920.

75 *See* Complaint, ¶¶ 10, 11.

76 *See Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 773 (N.D. Tex. 2007).

As to Defendants Marc Zegen and Joshua Zegen, the only allegations in the Complaint is that they were acting representatives of Defendant Madison Realty Capital, LP.[77] Such contacts do not and cannot establish individual general jurisdiction as a matter of law.[78]

**2. Entity Defendant**

As Plaintiffs state in their Complaint, Defendant Madison Realty Capital, LP a foreign limited partnership and has its principal place of business in New York.[79]

Plaintiffs do not allege any facts that could otherwise bear on general jurisdiction, such as that Defendant Madison Realty Capital, LP owning property or paying taxes in Texas, or that it has operations or any employees in Texas.[80]

Even if the Lender was wholly-owned by Defendant Madison Realty Capital, LP as Plaintiffs allege – which it is not[81] – the existence of a subsidiary or related entity doing business in Texas alone will not confer general personal jurisdiction.[82]

Plaintiffs do not allege a basis to establish general jurisdiction over Defendants.

---

77 *See* Complaint ¶¶ 19, 21, 23, 24, 44, 65.

78 *See Keeton*, 465 U.S. at 781, n.13; *Stuart*, 772 F.2d at 1197; *Breckenridge Enters., Inc. v. Avio Alternatives, LLC,* 3:08-CV-1782-M, 2009 WL 1469808, at *4 (N.D. Tex. May 27, 2009) ("All of the Gagleards' contacts with Texas in connection with The Star Team, LLC and The Texas Star Team, LLC were in a representative capacity. The fiduciary shield doctrine prevents such contacts from forming the basis for a finding of general jurisdiction."): *Burchfield v. Stein*, No. 3:01-CV-2529, 2002 WL 318341, at *3 (N.D. Tex. Feb. 27, 2002).

79 *See* Complaint, ¶ 4. Plaintiffs aver that "Madison Realty Capital, LP is a limited partnership organized under the laws of the State of New York," *see id.*; however, it is in fact a Delaware limited partnership. *See* Speiser Declaration, ¶ 2. Plaintiff's misstatement is immaterial to the instant motion.

80 *See generally* Complaint.

81 *See* Speiser Declaration, ¶ 3.

82 *See Architettura Inc.*, 2018 WL 3428705 at *3 ("First, the fact that Boston Capital has two subsidiaries that operate and routinely do business in Texas is insufficient to confer general personal jurisdiction. The Court must presume that Boston Capital's subsidiaries are independent of Boston Capital for jurisdictional purposes.").

## C. The Court lacks specific jurisdiction over the Defendants.

### 1. Individual Defendants

As to Defendants Marc Zegen and Joshua Zegen, the only allegations in the Complaint as to them is that they were acting representatives of Defendant Madison Realty Capital, LP.[83] At most, they interacted with Plaintiffs in or from New York;[84] there are no allegations that they directed or conducted activities within the State of Texas,[85] or the existence of any substantial connection with the State of Texas.[86] Plaintiffs likewise do not allege any intentional conduct by any Individual Defendants that created contact with Texas.[87]

### 2. Entity Defendant

There are no allegations that Defendant Madison Realty Capital, LP directed or conducted activities within the State of Texas,[88] or the existence of any substantial connection with the State of Texas.[89] Plaintiffs likewise do not allege any intentional conduct by the Entity Defendant that created contact with Texas.[90]

---

83 *See* Complaint ¶¶ 19, 21, 23, 24, 44, 65.

84 *See* Complaint ¶¶ 19, 21, 23, 24, 44, 65.

85 *See Goodyear*, 564 U.S. at 924; *Antonio Leonard TNT Prods.*, 47 F. Supp. 3d at 507; *see also Mullins*, 564 F.3d at 398; *Allstate*, 997 F. Supp. 2d at 506.

86 *See Antonio Leonard TNT Productions*, 47 F. Supp. 3d at 507 (quoting *Walden*, 571 U.S. at 285.

87 *See Walden*, 571 U.S. at 285; *Panda Brandywine*, 253 F.3d at 870; *Maiden Biosciences Inc. v. MPM Med. Inc.*, No. 3:18-CV-1354, 2019 WL 6036941, at *4 (N.D. Tex. Nov. 14, 2019).

88 *See Goodyear*, 564 U.S. at 924; *Antonio Leonard TNT Prods., LLC*, 47 F. Supp. 3d at 507; *see also Mullins*, 564 F.3d at 398; *Allstate*, 997 F. Supp. 2d at 506.

89 *See Antonio Leonard TNT Prods., LLC*, 47 F. Supp. 3d at 507 (quoting *Walden v. Fiore*, 571 U.S. at 285.

90 *See Walden*, 571 U.S. at 285; *Panda Brandywine*, 253 F.3d at 870; *Maiden Biosciences Inc.*, 2019 WL 6036941, at *4.

**CONCLUSION AND PRAYER FOR RELIF**

Plaintiffs have not established a *prima facie* case that any of the Defendants established minimum contacts with Texas.

Defendants are not residents of, or at-home in, Texas; they have no substantial connection to Texas arising from any action or conduct occurring within Texas; none of Plaintiffs' claims asserted against Defendants arise from or are related to any activity conducted by Defendant in Texas or purposefully directed toward Texas; Defendants have no direct or indirect ownership in any party to or property subject of this lawsuit; and Defendants has no substantial, continuing and systematic contacts with Texas

Plaintiffs do not allege that Defendants purposefully and personally availed themselves of this forum; to the contrary, Plaintiffs' allegations show Defendants are domiciled in New York and lack connection to Texas. The Amended Complaint does not allege facts that would create jurisdiction over Defendants, and Defendants accordingly and respectfully request the Court dismiss them from this case pursuant to Rule 12(b)(2).

WHEREFORE Defendants Madison Realty Capital, LP, Marc Zegen, and Johsua Zegen respectfully request that the Court (i) dismiss the Complaint in its entirety as to them for lack of personal jurisdiction, (ii) that because the deficiencies may not be cured and Plaintiffs have already amended their Complaint once that the dismissal be without leave for any additional amendments, and (iii) grant any and all further relief to which they may be entitled.

Dated: January 29, 2021

Respectfully Submitted,

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
Email: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR DEFENDANTS 2999 TURTLE CREEK, LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOHSUA ZEGEN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties listed below in the matter indicated on January 29, 2021.

**VIA ELECTRONIC SERVICE**
G. Michael Gruber
J. Brian Vanderwoude
Kelsey M. Taylor
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: (214) 981-9900
Facsimile: (214) 981-9901
E-Mail: gruber.mike@dorsey.com
vanderwoude.brian@dorsey.com
taylor.kelsey@dorsey.com

**VIA ELECTRONIC SERVICE**
Rusty J. O'Kane
Zachary C. Farrar
**WICK PHILLIPS, LLC**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:
E-Mail: Rusty.Okane@wickphillips.com
Zachary.Farrar@wickphillips.com

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.