**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC F/K/A MO 2999 TC, LLC, AND TIMOTHY L. BARTON,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **No. 3:20-CV-3229** |
| **2999 TURTLE CREEK, LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOSHUA ZEGEN,** | § | |
| ***Defendants.*** | § | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

Defendants Madison Realty Capital, LP, Marc Zegen, and Joshua Zegen ("Defendants") file their Reply Brief in Support of Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) [Dkt. No. 54] and respectfully state as follows:

## REPLY IN SUPPORT OF RULE 12(B)(2) MOTION TO DISMISS

Instead of addressing the argument and authority in Defendants' Motion, Plaintiffs merely restate the Complaint and make arguments that have already been considered and rejected.

Nothing changes the fact that Defendants Marc Zegen and Joshua Zegen are New York citizens and residents with no contacts with Texas, and who are alleged to have only acted in a representative capacity. Nothing changes the fact that Madison Realty Capital, LP, a Delaware limited partnership with its principal place of business located in New York, New York, has no contacts with Texas and directed no actions towards Texas.

There is no basis for personal jurisdiction and the Complaint should be dismissed.

**A. Plaintiffs have not alleged facts to create jurisdiction over the Defendants**

**1. No jurisdiction over Defendant Marc Zegen**

Plaintiffs' Second Amended Complaint admits that Defendant Marc Zegen "is an individual citizen of the State of New York who resides in New York, New York."[1] Plaintiffs do not allege any meaningful connection to Texas, that he traveled to Texas, owns property or pay taxes in Texas in his individual capacity,[2] that he is "at-home" in Texas, or that he otherwise interacted with the State of Texas, which is the "paradigm" for establishing general jurisdiction.[3]

In all of the forty-nine paragraphs of Factual Background of the Complaint, he is alleged to have acted solely through Defendant Madison Realty Capital, LP, and not in his individual capacity.[4] Such contacts do not and cannot establish individual general jurisdiction as a matter of law.[5]

For the same reasons – that there are no allegations that he in his individual capacity directed or conducted activities within the State of Texas or has any connection with the State of Texas – they cannot establish specific jurisdiction.[6]

---

1 *See* Plaintiffs' Second Amended Complaint [Dkt. No. 60] (the "Complaint"), ¶ 7.

2 *See Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 773 (N.D. Tex. 2007).

3 *See Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 920 (2011).

4 *See* Complaint, ¶¶ 20, 22 (Defendant Madison Realty Capital, LP allegedly made certain representations, and took certain actions, through Defendant Marc Zegen); *id.*, ¶ 23 (Defendant, on behalf of Madison Realty Capital, LP, met with former defendant James Glasgow regarding the loan *in New York*); *id.*, ¶ 25 (Defendant Marc Zegen, on behalf of Madison Realty Capital, LP, requested Plaintiffs come to New York for a meeting).

5 *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Breckenridge Enters., Inc. v. Avio Alternatives, LLC*, 3:08-CV-1782-M, 2009 WL 1469808, at *4 (N.D. Tex. May 27, 2009) ("All of the Gagleards' contacts with Texas in connection with The Star Team, LLC and The Texas Star Team, LLC were in a representative capacity. The fiduciary shield doctrine prevents such contacts from forming the basis for a finding of general jurisdiction."); *Burchfield v. Stein*, No. 3:01-CV-2529, 2002 WL 318341, at *3 (N.D. Tex. Feb. 27, 2002).

6 When a Defendant has no minimum contacts to a jurisdiction, the Court need not inquire into fairness. *See Architettura Inc. v. DSGN Assocs. Inc.*, No. 3:16-CV-3021, 2018 WL 3428705, at *4 (N.D. Tex. July 13, 2018) (Scholer, J.).

**2. No jurisdiction over Defendant Josh Zegen**

Plaintiffs' Second Amended Complaint admits that Defendant Marc Zegen "is an individual citizen of the State of New York who resides in New York, New York."[7] Plaintiffs do not allege any meaningful connection to Texas, that he traveled to Texas, owns property or pay taxes in Texas in his individual capacity,[8] that he is "at-home" in Texas, or that he otherwise interacted with the State of Texas, which is the "paradigm" for establishing general jurisdiction.[9]

In all of the forty-nine paragraphs of Factual Background of the Complaint, he is alleged to have acted solely through Defendant Madison Realty Capital, LP, and not in his individual capacity.[10] Such contacts do not and cannot establish individual general jurisdiction as a matter of law.[11]

For the same reasons – that there are no allegations that he in his individual capacity directed or conducted activities within the State of Texas or has any connection with the State of Texas – they cannot establish specific jurisdiction.[12]

---

[7] *See* Complaint, ¶ 8.

[8] *See Busch*, 477 F. Supp. 2d at 773.

[9] *See Goodyear*, 564 U.S. at 920.

[10] *See* Complaint, ¶¶ 20, 22, 65 (Defendant Madison Realty Capital, LP allegedly made certain representations, and took certain actions, through Defendant Joshua Zegen); *id*., ¶¶ 24, 26 (Defendant Joshua Zegen, for Defendant Madison Realty Capital, LP, met with former defendant James Glasgow regarding the loan in New York); *id*., See Complaint, ¶ 25 (Defendant Joshua Zegen, on behalf of Defendant Madison Realty Capital, LP, requested Plaintiffs come to New York for a meeting).

[11] *See Keeton*, 465 U.S. at 781, n.13; *Stuart*, 772 F.2d at 1197; *Breckenridge*, 3:08-CV-1782-M, 2009 WL 1469808, at *4; *Burchfield*, No. 3:01-CV-2529, 2002 WL 318341, at *3.

[12] When a Defendant has no minimum contacts to a jurisdiction, the Court need not inquire into fairness. *See Architettura*, No. 3:16-CV-3021, 2018 WL 3428705.

### 3. No jurisdiction over Defendant Madison Realty Capital, LP

Plaintiffs' Second Amended Complaint admits that Defendant Madison Realty Capital, LP is a foreign limited partnership with its principal place of business located in New York, New York.[13] Plaintiffs previously admitted that it does not have a registered agent for service in Texas.[14]

Plaintiffs allege that Madison "created" or "established" Defendant 2999 Turtle Creek LLC, a Delaware limited liability and a special purpose entity which loaned Plaintiffs the funds to buy the Property;[15] Plaintiffs allege that Defendant 2999 Turtle Creek LLC is a "wholly owned special-purpose entity established by Madison,"[16] but does not say wholly-owned by whom, likely because, as Plaintiffs know, Defendant Madison Realty Capital, LP does not own any part of Defendant 2999 Turtle Creek LLC.[17]

Plaintiffs' allegations concerning Defendant Madison Realty Capital, LP do not show any meaningful connection to Texas.[18] Plaintiffs do *not* allege that Defendant Madison Realty Capital, LP operated in Texas, traveled to Texas, owns property directly in Texas, it is at-home in Texas, or otherwise interacted with the State of Texas.[19]

---

[13] *See* Complaint ¶ 5. Plaintiffs incorrectly aver that Madison Realty Capital, LP is a limited partnership organized under the laws of the State of New York. *See id.* This is incorrect (it was organized under the laws of the State of Delaware); it is also immaterial to the instant motion.

[14] *See* Plaintiffs' First Amended Complaint [Dkt. No. 44], ¶ 4.

[15] *See* Complaint, ¶ 6, 19.

[16] *See* Complaint, ¶ 18.

[17] *See* Declaration of David Speiser (the "Speiser Declaration"), ¶ 4. The Speiser Declaration was filed with the Motion.

[18] *See* Complaint, ¶¶ 6, 19 (Defendant Madison Realty Capital, LP "created" a Delaware limited liability company as a special purpose entity to lend Plaintiffs the money to purchase the Property (which is (i) incorrect, and (ii) significantly, does not allege that Defendant Madison Realty Capital, LP itself conducted any business in Texas)); *id*., ¶¶ 19, 23 (Defendant Madison Realty Capital, LP made certain representations, and took certain actions); *id*., ¶ 24 (Representatives of Defendant Madison Realty Capital, LP met with former defendant James Glasgow regarding the loan *in New York*); *id*., ¶ 25 (Representatives Defendant Madison Realty Capital, LP requested Plaintiffs come to New York for a meeting); *id.* ¶ 26 (Representatives of Defendant Madison Realty Capital, LP met with Plaintiffs *in New York*).

[19] *See generally* Complaint.

Even if the Lender was wholly-owned by Defendant Madison Realty Capital, LP – which it is not[20] – the existence of a subsidiary or related entity doing business in Texas alone will not confer general personal jurisdiction.[21] Likewise there are no allegations that Defendant Madison Realty Capital, LP directed or conducted activities within the State of Texas,[22] the existence of any substantial connection with the State of Texas,[23] or any intentional conduct by Defendant Madison Realty Capital, LP that constituted contact with Texas.[24]

Plaintiffs do not and cannot allege a basis to establish general jurisdiction over Defendants.

## CONCLUSION AND PRAYER FOR RELIF

Plaintiffs have not established a *prima facie* case that any of the Defendants established minimum contacts with Texas; that they are residents of or at-home in Texas; that they have any much less substantial connections to Texas arising from any action or conduct occurring within Texas; that their claims arise from or are related to any activity conducted by Defendants in Texas or purposefully directed toward Texas; that Defendants have any direct or indirect ownership in any party to or property subject of this lawsuit; and of that they have any substantial, continuing and systematic contacts with Texas.

---

[20] *See* Speiser Declaration, ¶ 3.

[21] *See Architettura Inc.*, 2018 WL 3428705 at *3 ("First, the fact that Boston Capital has two subsidiaries that operate and routinely do business in Texas is insufficient to confer general personal jurisdiction. The Court must presume that Boston Capital's subsidiaries are independent of Boston Capital for jurisdictional purposes.").

[22] *See Goodyear*, 564 U.S. at 924; *Antonio Leonard TNT Prods., LLC*, 47 F. Supp. 3d at 507; *see also Mullins*, 564 F.3d at 398; *Allstate*, 997 F. Supp. 2d at 506.

[23] *See Antonio Leonard TNT Prods., LLC*, 47 F. Supp. 3d at 507 (quoting *Walden v. Fiore*, 571 U.S. at 285.

[24] *See Walden*, 571 U.S. at 285; *Panda Brandywine*, 253 F.3d at 870; *Maiden Biosciences Inc.*, 2019 WL 6036941, at *4.

Plaintiffs do not allege that Defendants purposefully and personally availed themselves of this forum, instead alleging that they are all and each domiciled in New York and lack connection to Texas.

The Second Amended Complaint does not allege facts creating jurisdiction over Defendants, and Defendants accordingly and respectfully request the Court dismiss them from this case pursuant to Rule 12(b)(2).

WHEREFORE Defendants Madison Realty Capital, LP, Marc Zegen, and Joshua Zegen respectfully request that the Court (i) dismiss the Complaint in its entirety as to them for lack of personal jurisdiction, (ii) that because the deficiencies have not been and may not be cured and Plaintiffs have already amended their Complaint, twice, that the dismissal be without leave for any additional amendments, and (iii) grant any and all further relief to which they may be entitled.

Dated: March 5, 2021

Respectfully Submitted,

*/s/ Charles W. Gameros, Jr., P.C.*

Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Telecopier: (214) 559-4905
Email: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR DEFENDANTS 2999 TURTLE CREEK, LLC, MADISON REALTY CAPITAL, LP, MARC ZEGEN, AND JOSHUA ZEGEN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties listed below in the matter indicated on March 5, 2021.

**VIA ELECTRONIC SERVICE**

G. Michael Gruber
J. Brian Vanderwoude
Kelsey M. Taylor
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: (214) 981-9900
Facsimile: (214) 981-9901
E-Mail: gruber.mike@dorsey.com
vanderwoude.brian@dorsey.com
taylor.kelsey@dorsey.com

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.